**T. H. RUMFIELD, Appellant,**

v.

**H. P. RUMFIELD, Appellee.**

No. 6865.

Court of Civil Appeals of Texas.

Amarillo.

April 27, 1959.

Rehearing Denied May 25, 1959.

Richard F. Stovall, Floydada, Charles Lindsey, Fort Worth, for appellant.

Scarborough, Black & Tarpley, Abilene, for appellee.

NORTHCUTT, Justice.

For a statement of the nature and result of this suit we adopt the appellant's statement, which is as follows:

"Plaintiff, H. P. Rumfield, brought suit in the District Court of Dickens County, Texas against T. H. Rumfield, the defendant, for cancellation of a deed on the ground of alleged false and fraudulent representations made by the defendant to the plaintiff, inducing the execution of the deed. The plaintiff in his first amended original petition, upon which we went to trial, alleged that on January 7, 1951 and many years prior thereto he was the owner of 164.6 acres of land, more or less, being all of the Northwest one-fourth of Survey No. 19, C. U. Connellee, situated in Dickens County, Texas; that on said date the plaintiff executed a deed conveying to the defendant the 164.6 acres of land; that the fraudulent conduct used by the defendant to induce the plaintiff to execute the deed in question was a misrepresentation as to the character of the instrument which the plaintiff was induced to sign; that the defendant told the plaintiff that the instrument in question was a will and was merely a piece of paper which could be destroyed at any time before the plaintiff's death; that the plaintiff believed and relied upon such representations; that such representations were false representations of material facts; that they were believed and relied on by the plaintiff. The plaintiff further alleged that he did not discover the existence of the deed until August or Sep-

tember of 1957, and for that reason the four year statute of limitation would not apply.

"The defendant, T. H. Rumfield, answered by general denial and specifically denied that he made any false or fraudulent representations to the plaintiff inducing him to make the deed in question and specifically denied that he made the representations set out in the plaintiff's First Amended Original Petition, but, on the contrary, the defendant alleged that the plaintiff executed the deed dated January 7, 1951 freely and voluntarily and with full knowledge of the consequence thereof. The defendant further specifically plead the four year statute of limitation, being Article 5529 of the [Vernon's Ann.] Revised Civil Statute[s] of Texas, in bar to any cause of action which might be asserted by the plaintiff.

"At the time of the execution of the deed in question, the plaintiff was a bachelor, approximately eighty years of age. The defendant, T. H. Rumfield, was a nephew of the plaintiff. The deed in question contained the following reservation: 'Save And Except that the grantor herein, H. P. Rumfield, hereby expressly reserves for himself during his lifetime all of the fruits, rents and revenues from the above described land for and during the remainder of his natural life, together with the right to receive all of the annual delay rentals payable under the present lease existing oil and gas lease on said land during the remainder of his natural life.'

"Trial was had before a jury, and in response to special issues submitted the jury found (1) that prior to the execution of the deed in question the 7th day of January, 1951, the defendant, T. H. Rumfield, represented to the plaintiff, H. P. Rumfield, that the deed he was about to sign was a will which could be destroyed at any time before the plaintiff's death; (2) that such representations were false; (3) that such representations were made and were false and were made to induce the plaintiff to execute the deed in question; (4) that the

plaintiff relied on the truth of such representations in executing and delivering the deed in question; (5) that such false representations were a material inducement to the plaintiff in signing the deed in question; (6) that the plaintiff did not know of the falsity of such representations before August or September of 1957.

"The defendant filed a Motion for Judgment Non Obstante Veredicto, which was overruled by the Court, and, based on the findings of the jury to the six special issues which were submitted, rendered judgment cancelling and setting aside the deed in question, from which judgment the defendant has appealed."

Appellant presents this appeal upon 23 points of error. All of appellant's points of error except point three deal with the insufficiency of the evidence, no evidence, great weight and preponderance of the evidence as to manifest bias and prejudice on the part of the jury against the appellant and the verdict of the jury was contrary to the overwhelming preponderance of the evidence.

The main question here involved is whether the appellee was induced to execute the deed in question by fraudulent representations made by the appellant, and that appellee relied upon such representations and would not have executed and delivered the deed if he had not believed he was signing a will instead of the deed. The test which determines whether a fraud is actionable is: Would it reasonably defeat or materially impair freedom of consent of the grantor? A contract or deed is a voluntary agreement and the intention to enter into it should be formed freely and voluntarily, unaffected by inconceivable contributions. A consent which is not free is nevertheless not absolutely void, but may be rescinded by the parties. One of the factors which prevents the exercise of free will in entering into an agreement or deed is fraud in the inducement whereby the consent is procured. For a fraudulent representation to be actionable it must be one of either a

past or present material fact made with scienter on which the defrauded party relied to his detriment. Not only is materiality an essential element of the deceitful representation, but the defrauded party must have been induced to act by reason of his reliance upon the verity of the statement. If these conditions existed, the appellee was entitled to have the deed cancelled.

It is undisputed that the appellee was an old man, 80 years of age and was seriously ill. Appellant contends that when he learned of his uncle's sickness he immediately went from his home in Fort Worth to the hospital in Spur, Texas where his uncle was and stayed with his uncle for about ten days. The testimony of other witnesses stated appellant arrived at the hospital one day and stayed there that day and night and the next day and night and left the next morning. The undisputed record shows, however, that appellant received permission from appellee on January 6, 1951, to sign checks upon appellee's bank account—then the will and deed were drawn and executed on January 7, 1951, and the deed was filed for record on January 8, 1951. Appellant waited for the deed to be recorded on January 8, 1951 and returned to him after being recorded and he left immediately for his home in Fort Worth. Under those facts, we are of the opinion that there was a confidential relationship existing between the uncle and the nephew, or, he would not have been permitted to execute checks upon the appellee's bank account. It is to be remembered that the appellee could neither read nor write. He did for some time sign his checks with an "X" but later learned to write his name. But according to his signature on the deed in question—his signature is not legible. It is the contention of appellant that the property was a gift to him. The appellee contended the appellant told him there was nothing but a will and it could be destroyed at any time and he would never have signed the deed if he had not believed he was only signing a will.

The jury saw all the witnesses and heard their testimony and found that appellant, prior to the execution of the deed, told appellee that the deed he was about to sign was a will which could be destroyed at any time; that such representations were false; that they were made to induce appellee to execute the deed; that appellee relied on the truth of such representations in executing and delivering the deed; and that such false representations were material inducements to appellee in signing the deed. We are of the opinion that the evidence was sufficient to sustain the findings of the jury, and it is not contrary to the overwhelming preponderance of the evidence, and neither is it so against the overwhelming weight and preponderance of the evidence as to manifest bias, prejudice or a denial of a fair and just trial. The essential elements to set aside the deed are false statements of a material fact made to be acted upon and actually believed and acted upon, with consequential injury. The appellee testified that appellant kept wooling him to where he finally signed him a will. All of these facts combined with the testimony of disinterested parties as to the short time the appellant was with his uncle at the hospital; the securing of a permit to be able to sign checks on appellee's bank account; securing a will and deed all within two days—being the first two days appellant was with his uncle as testified to by disinterested parties—all of this coupled with the fact that as soon as appellant secured the right to draw checks on appellee's bank account, secured the will and deed, and had the deed recorded—he immediately left for his home in Fort Worth. We believe all such matters could and would be properly considered by the jury. Stroud v. Pechacek, Tex.Civ.App., 120 S.W.2d 626.

As to appellant's point three that there was no evidence to show appellee did not know of the existence of the deed in question prior to August or September of 1957, we are of the opinion there was sufficient evidence to sustain the finding of the jury and judgment of the court to the effect that appellee's cause of action was not barred by the statute of limitations. The appellee testified he did not know about the deed until a year or two before giving his testimony. Boucher v. Wallis, Tex.Civ. App., 236 S.W.2d 519; Glenn v. Steele, 141 Tex. 565, 61 S.W.2d 810. Appellant's assignments of error are all overruled.

Judgment of the trial court is affirmed.