Valente **MARTINEZ** et al., Appellants,

v.

Bernard **ARREDONDO** et al., Appellees.

No. 6848.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 8, 1966.

Melvin Whitaker, Beaumont, for appellants.

Lynn Walker, Beaumont, for appellees.

STEPHENSON, Justice.

This is a will contest. Judgment was rendered by the District Court dismissing this cause on the ground that a prior will contest was res judicata of this action. The parties will be referred to here as they were in the District Court.

The will of Porfiria Martinez was admitted to probate October 28, 1963. A petition to set aside the order admitting such will to probate was filed July 23, 1964. The sole ground set out in such petition was that the testatrix was bound by a prior irrevocable will. Evidence was heard and such contest was denied by order dated November 4, 1964. No appeal was taken from that order.

June 17, 1965, pleadings designated as an amended petition to set aside the probate of a will was filed by the same contestants. This petition alleged that the testatrix was not of sound mind and that there was undue influence. This petition was denied by the County Court June 17, 1965. This order was appealed to the District Court which entered the judgment holding the prior judgment of the County Court to be res judicata.

Contestants have two points of error. It is argued that this is a direct attack upon the will and that such action is provided for by Section 93 of the V.A.T.S. Probate Code. Neither party has cited this court a decision passing upon this precise situation. Section 93 provides for filing a will contest within two years after the will has been admitted to probate, except in instances of forgery or fraud. In our opinion this is merely a limitation statute and was not intended to create any new substantive rights for will contestants.

We hold that the general rules of law pertaining to the "res judicata" doctrine apply to a will contest. A final valid judgment of the County Court adjudicating the validity of a will, is conclusive of every matter that the parties might properly have litigated in such action. The same parties filed the first will contest as the one presently pending. The matters as to whether the testatrix was of sound mind, and as to whether undue influence was exerted, could properly have been raised in the original will contest. The first judgment of the County Court holding the will to be valid is res judicata as to the validity of such will and the District Court made the proper ruling when it dismissed the appeal. If this is not the law, there would be no limit to the number of contests that could be filed by the same parties testing the validity of a will.

Judgment affirmed.