**J.L. CLARK, Appellant,**

v.

**Alice SNIDER, Ronald L. Snider and Elliott P. Snider, Appellees.**

**No. 9570.**

Court of Appeals of Texas, Texarkana.

Sept. 9, 1987.

Edwin E. Buckner, Jr., Sandlin, Buckner & Searle, Marshall, for appellant.

J. Rodney Gilstrap, Marshall, for appellees.

## PER CURIAM.

This appeal is taken from a summary judgment. At issue is the ownership of real property. In this case, J.L. Clark contends that a deed purportedly executed by his parents in 1950 to convey ownership of property was ineffective, because his mother's signature was forged. In addition, he urges that his parents were induced to convey the property by fraud. The trial court granted summary judgment against the forgery claim based on res judicata and against the claim of fraud and failure of consideration based on bar by limitations and the doctrine of bona fide purchaser.

In a summary judgment review, the standard to be used is outlined in *Nixon v. Mr. Property Management*, 690 S.W.2d 546 (Tex.1985):

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

The purpose of summary judgment is not to "provide either a trial by deposition or a trial by affidavit, but rather to provide a method of summarily terminating a case when it clearly appears that only a question of law is involved and there is no genuine issue of fact." *Gaines v. Hamman*, 163 Tex. 618, 358 S.W.2d 557 (1962).

On appeal, Clark raises four points of error, contending that the trial court erred in applying limitations and the doctrines of res judicata and bona fide purchaser. The trial court's ruling concerning the issue of failure of consideration was not raised on appeal.

We first address whether the contention of forgery is barred by previous litigation over the ownership of this property. The earlier litigation was in trespass to try title to the same property involved in the present case. Clark claimed the land through adverse possession under color of title and alternatively that he was the record owner of the property. In relation to these claims, he contended that his immediate predecessor in title, John H. Clark, claimed to have good and perfect right and title to the property.

The warranty deed to which Annie Belle Clark's signature was alleged to have been forged was from grantors J.H. and Annie Belle Clark to grantee R.L. George. The deed from the Clarks to George is part of the chain of title upon which the Sniders rely. Roy Snider received record title through a trustee's deed to him in 1958. Appellees are the devisees of Snider's estate.

The judgment in the first case disposed of all issues and parties before it, including Clark's claim of title to the land. The contention of forgery made in the present case was either made or should have been made in the initial litigation. That judgment necessarily presupposed the answers to the issues here presented. Since those answers were essential to the original judgment and either were litigated or should have been litigated, this case falls within the scope of the doctrine of res judicata as set forth in *Segrest v. Segrest*, 649 S.W.2d 610 (Tex.1983); *Texas Water Rights Commission v. Crow Iron Works*, 582 S.W.2d 768 (Tex.1979); and *Abbott Laboratories v. Gravis*, 470 S.W.2d 639 (Tex.1971). The doctrine states that a cause of action finally determined between the parties on the merits cannot afterwards be litigated by new proceedings before either the same or any other tribunal. The scope of res judicata is not limited to the matters actually litigated, but also includes causes of action or defenses arising out of the same subject matter that might have been litigated in the first suit.

We hold that the doctrine of res judicata was properly applied by the trial court and

that the summary judgment was properly rendered on the issue of forgery on that basis.

Clark next contends that the trial court erred in rendering summary judgment against his claim of fraud and failure of consideration on the basis of bar by limitations and by application of the doctrine of bona fide purchaser. The fraud allegedly occurred when his father conveyed the land in 1950. Clark now asks that the deed be set aside, because no consideration was paid to his parents and because his parents, who were illiterate, were told by the realtor that the deed was in fact a lease.

A suit to set aside an instrument on the ground that its execution was induced by fraud is governed by the four-year statute of limitations, and limitation begins to run from the date the fraud is discovered or from the date when, in exercise of reasonable diligence, the fraud should have been discovered. *Saunders v. Alamo Soil Conservation Dist.*, 545 S.W.2d 249 (Tex.Civ. App.—San Antonio 1976, writ ref'd n.r.e.); Tex.Rev.Civ.Stat.Ann. art. 5529 (1958).[1]

■ When evidence of fraud would be disclosed by the examination of public records, limitation begins to run from the time the fraud could have been discovered by the exercise of ordinary diligence. *Mooney v. Harlin*, 622 S.W.2d 83 (Tex.1981). Recordation gives constructive notice of facts disclosed by the documents within a chain of title to a purchaser. *Westland Oil Development Corp. v. Gulf Oil*, 637 S.W.2d 903 (Tex.1982). This cannot constitute constructive notice of facts not reflected by the face of the documents. Accordingly, recordation does not of itself give notice of fraud, where that fraud induced the grantor to sign the document. *Rumfield v. Rumfield*, 324 S.W.2d 304 (Tex.Civ.App.—Amarillo 1959, writ ref'd n.r.e.).

■ To be entitled to summary judgment, the burden is on the movant to negate a pleading of late discovery and ex-

cuse. *Weaver v. Witt*, 561 S.W.2d 792 (Tex.1977). Where the cause of action set out is apparently barred, some excuse must be alleged for the delay. *Blum v. Elkins*, 369 S.W.2d 810 (Tex.Civ.App.—Waco 1963, no writ); *McCord v. Bass*, 223 S.W. 192 (Tex.Comm'n App.1920, judgmt adopted). The question on a summary judgment review is whether a question of material fact exists about when limitations began to run. The document in question was recorded in 1950, and Clark does not contend that the parties were unaware of its existence.

Clark contends that despite his due diligence in asserting his rights to the property, he was unaware until August, 1985, that the deed was secured from his father by fraud and that his mother's signature had been forged. The issue of forgery has been disposed of by application of res judicata, so we will not further address it here. If a fact issue is raised about when Clark or his claimed predecessors in title could be charged with notice of fraud, summary judgment is inappropriate. *Swanson v. Grassedonio*, 647 S.W.2d 716 (Tex.App.— Corpus Christi 1982, no writ); *Blum v. Elkins, supra.* However, Clark does not allege facts which would bar the running of limitations against his claimed predecessors in title. When no effort is made to plead or show excuse for late discovery of the fraud, or as in this case, to plead or show that there was a late discovery by his father and mother, Clark cannot bring himself within this rule of discovery.[2] *Sherman v. Sipper*, 137 Tex. 85, 152 S.W.2d 319 (1941).

In view of Clark's failure to plead or show any facts that would bar the running of the statute of limitations against his father and mother, his predecessors in title, we find that the trial court correctly granted a summary judgment on the issue of fraud on the issue of limitations.

The final question is whether the doctrine of bona fide purchaser will support a summary judgment against Clark.

---

1. Now contained in Tex.Civ.Prac. & Rem.Code Ann. § 16.051 (Vernon 1986).

2. Clark states in his pleadings that his father died in 1956, survived by his wife. His death was six years after the transaction in question occurred.

**52**

A bona fide purchaser is one who buys property in good faith for valuable consideration and without knowledge, actual or imputed, of outstanding claims by a third party. *Houston Oil Co. of Texas v. Hayden,* 104 Tex. 175, 135 S.W. 1149 (1911); *Lefevere v. Sears,* 629 S.W.2d 768 (Tex.Civ. App.—El Paso 1981, no writ).

There is no allegation or summary judgment proof that the appellees were involved in any fraud. An undisputed affidavit states that Roy Snider (appellees' predecessor in title) purchased the property without actual or imputed knowledge of any allegations of fraud, forgery, lack of consideration or any other defect. The deed attached to the summary judgment proof recites that Snider gave consideration for the property, and Clark does not argue that the consideration was insufficient.

■ In the present case, Snider is not required to prove his status of innocent purchaser. The plaintiff claiming an equitable title assumes the burden of proving that the subsequent purchaser of a legal title was not a bona fide purchaser. Therefore, Clark was required to prove that Snider was on notice of an equitable claim against the property. *Westland Oil Development Corp. v. Gulf Oil, supra; Walters v. Pete,* 546 S.W.2d 871 (Tex.Civ.App.— Texarkana 1977, writ ref'd n.r.e.).

After examining the evidence so that every reasonable inference is taken in favor of the nonmovant, we find no indication that appellee is anything other than a bona fide purchaser for value.

The general rule is that a purchaser of apparent legal title to land takes good title as against a claim of equitable ownership in another if he takes in the position of a bona fide purchaser. *Realty Trust Co. v. Craddock,* 131 Tex. 88, 112 S.W.2d 440 (1938). The maker of an instrument procured by fraud will not be permitted to assert that fraud against a bona fide purchaser. *Ramirez v. Bell,* 298 S.W. 924, 930 (Tex.Civ.App.—Austin 1927, writ ref'd); *Pure Oil Co. v. Swindall,* 58 S.W.2d 7 (Tex.Comm'n App.1933, holding approved); 4 F. Lange, *Assent to Transaction* § 584 (Texas Practice 1961).

We hold that summary judgment was properly granted on the issue of fraud on the basis of bona fide purchaser doctrine.

Accordingly, the judgment of the trial court is affirmed.