Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


# MEMORANDUM OPINION

No. 04-10-00389-CV

**IN THE MATTER OF THE ESTATE OF ELISA R. CANTU**, Deceased

From the Probate Court No 1, Bexar County, Texas
Trial Court No. 1999-PC-0683
Honorable Polly Jackson Spencer, Judge Presiding

Opinion by: Rebecca Simmons, Justice

Sitting: Sandee Bryan Marion, Justice
Rebecca Simmons, Justice
Marialyn Barnard, Justice

Delivered and Filed: February 9, 2011

AFFIRMED

Nicolasa Vela appeals a summary judgment in a probate case dismissing her claim that the decedent's signature on a will admitted to probate was forged. Because res judicata barred Vela from bringing her claim, we affirm the trial court's judgment.

## BACKGROUND

On December 22, 1999, the probate court signed a judgment denying a will contest and ordering that the will of Elisa R. Cantu "previously admitted to probate shall remain so." The judgment was appealed to this court. *See Vela v. Guerra*, No. 04-00-00094-CV, 2001 WL 575146, at *1 (Tex. App.—San Antonio May 30, 2001, pet. denied). The issue presented on appeal was whether the evidence was factually insufficient to support the trial court's finding

that the plaintiffs failed to carry their burden of proof on their undue influence and lack of testamentary capacity claims. *Id*. This court affirmed the trial court's judgment. *Id*.

On November 27, 2002, Vela filed a pleading seeking to set aside the will and have Cantu declared intestate based on her contention that Cantu's signature on the will was forged. On June 7, 2005, Lola Guerra filed a motion for partial summary judgment asserting that the two year limitations period contained in Section 31 of the Texas Probate Code barred Vela's claim. Guerra also asserted that Vela's claim was barred by res judicata because the trial court previously found that the will had been executed with all formalities required by law. Vela responded that her claim was not barred by limitations, asserting Section 93 of the Texas Probate Code permitted her to file her claim of forgery within two years of her discovery that Cantu's signature on the will was forged. In the alternative, Vela argued her claim was not barred because it was an equitable bill of review subject to the four year limitations period contained in Section 16.051 of the Texas Civil Practice and Remedies Code. The trial court granted Guerra's motion and dismissed Vela's claim.

### STANDARD OF REVIEW

We review a trial court's summary judgment de novo. *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). "When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Id*. The party moving for summary judgment bears the burden to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Id*. at 216.

**DISCUSSION**

In order for Guerra to be entitled to summary judgment based on the affirmative defense of res judicata, Guerra was required to prove as a matter of law: (1) a prior final determination on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were or could have been raised in the first action. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). "The rule of res judicata in Texas bars litigation of all issues connected with a cause of action or defense which, with the use of diligence, might have been tried in a former trial, as well as those which were actually tried." *Ogletree v. Crates*, 363 S.W.2d 431, 435 (Tex. 1963). "[T]he general rules of law pertaining to the 'res judicata' doctrine apply to a will contest." *Martinez v. Arredondo*, 406 S.W.2d 513, 514 (Tex. Civ. App.—Beaumont 1966, no writ); *see also Ladehoff v. Ladehoff*, 436 S.W.3d 334, 338–340 (Tex. 1968) (examining whether res judicata requirements were met in context of will contest); *Stovall v. Mohler*, 100 S.W.3d 424, 429 (Tex. App.—San Antonio 2002, pet. denied) (Green, J., concurring) (asserting judgment in will contest was res judicata of subsequent claim).

The December 22, 1999 judgment denying the will contest was a prior final determination by the probate court, and Vela was a party to the will contest. Accordingly, the only additional requirement Guerra was required to prove was that Vela's forgery claim could have been raised in the will contest proceeding. *See Travelers Ins. Co.*, 315 S.W.3d at 862.

Section 93 of the Texas Probate Code generally permits any interested party to institute suit to cancel a will admitted to probate for forgery within two years after the discovery of such forgery. TEX. PROB. CODE ANN. § 93 (West 2003). Although Section 93 incorporates a discovery rule which could otherwise save a forgery claim from a limitations defense, the

discovery rule does not apply to the defense of res judicata, and a claim of forgery is subject to being barred under res judicata principles. *See Goggin v. Grimes*, 969 S.W.2d 135, 137–38 (Tex. App.—Houston [14th Dist.] 1998, no pet.); *Clark v. Snider*, 738 S.W.2d 49, 50-51 (Tex. App.—Texarkana 1987, no writ). The relevant inquiry is whether, with the use of diligence, the forgery claim could have been raised in the prior will contest. *See Travelers Ins. Co.*, 315 S.W.3d at 862; *Ogletree*, 363 S.W.2d at 435; *Martinez*, 406 S.W.2d at 514.

Guerra presented summary judgment evidence that in the will contest proceeding, the probate court found, "The attorney and the notary also testified that the will was executed with the formalities required by law." In this court's prior opinion relating to the will contest, we noted that the attorney who prepared Cantu's will testified that Cantu "made her mark, witnessed by two secretaries in the office, and verified by a notary public." *Vela*, 2001 WL 575146, at *3. In addition, we noted that the notary public testified that "she would not have notarized [Cantu's] mark if she thought there was any problem with [Cantu's] understanding." *Id*. The presence of Cantu's signature on the will was one of the formalities the trial court was required to consider in admitting the will to probate. *See* TEX. PROB. CODE ANN. § 59 (West 2003) (listing signature of testator as a requisite of a will). Thus, whether Cantu's mark was forged is an issue that, with reasonable diligence, Vela could have raised in the prior will contest proceeding. Accordingly, the trial court did not err in granting summary judgment and dismissing Vela's claims based on res judicata.[1]

## CONCLUSION

The trial court's judgment is affirmed.

Rebecca Simmons, Justice

---

[1] Because we affirm the trial court's judgment based on res judicata, we do not address the alternative ground of limitations. TEX. R. APP. P. 38.1 (opinion should address only issues necessary to the disposition of the appeal).