

IN THE
TENHT COURT OF APPEALS

No. 10-10-00045-CV

GENE C. STEELE,

Appellant

v.

VELMA DUKE, INDEPENDENT EXECUTRIX
OF THE ESTATE OF FLOYD DUKE, JR., DECEASED,

Appellee

From the 77th District Court
Limestone County, Texas
Trial Court No. 28-013-A1

MEMORANDUM OPINION

This appeal is the latest chapter in litigation spanning more than two decades regarding title to a 927.822-acre tract of land and its minerals. Our 2007 opinion, *Steele v. McDonald*, No. 10-05-00266-CV, 2007 WL 2200008 (Tex. App.—Waco Aug. 1, 2007, pet. denied) (mem. op.), provides a background of the dispute (the first lawsuit), which resulted in a settlement in 2005 and entry of a final judgment.

The case underlying this appeal began in May 2006 with Sally Steele and Thomas E. Simmons suing Floyd Duke, Jr. for fraud in connection with an allegedly forged and

fraudulent 1970 deed by which Floyd claimed title to the subject property in the first lawsuit (a trespass-to-try-title suit filed in 1986). Floyd asserted res judicata as an affirmative defense to the fraud claim.

Floyd died in 2007, and in 2009, his wife Velma, as independent executrix of Floyd's estate (hereinafter Duke), substituted as the defendant. Duke also asserted a third-party action against Gene C. Steele, Sally's husband, alleging against him and also against Sally and Simmons (in an amended counterclaim), a breach-of-contract claim pertaining to the 2005 settlement. Gene filed a counterclaim against Duke for fraud in connection with the allegedly forged and fraudulent 1970 deed.

Duke then moved for partial summary judgment against the fraud claims of Gene, Sally, and Simmons, asserting that their fraud claims were barred by res judicata. The trial court granted the motion for partial summary judgment and then severed its ruling to make it an appealable final judgment. Gene appeals the partial summary judgment,[1] asserting in one issue that the trial court erred in granting summary judgment on Duke's affirmative defense of res judicata.

We review a trial court's summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). In reviewing a traditional motion for summary judgment, we must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented. *See Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). We must consider all the evidence in the light most favorable to the nonmovant, indulging every reasonable

---

[1] Sally and Simmons have not appealed.

inference in favor of the nonmovant and resolving any doubts against the motion. *See id.* at 756.

Gene's fraud counterclaim alleges that the 1970 deed by which Floyd claimed title to the subject property in the first lawsuit was forged and that Floyd's use of it in the first lawsuit and trial, which ended in the 2005 settlement and final judgment, fraudulently induced Gene to enter into the settlement. Duke's res judicata defense primarily asserts that the allegedly forged 1970 deed and Floyd's allegedly fraudulent use of it in the first lawsuit could have been raised by Gene in the first lawsuit through the use of diligence.

The policies behind res judicata reflect the need to bring all litigation to an end, to prevent vexatious litigation, to maintain stability of court decisions, to promote judicial economy, and to prevent double recovery. *Barr v. Resolution Trust Corp.,* 837 S.W.2d 627, 629 (Tex. 1992).

> Res judicata bars the relitigation of claims that have been finally adjudicated or that could have been litigated in the prior action. *See Barr v. Resolution Trust Corp.,* 837 S.W.2d 627, 628 (Tex. 1992). For res judicata to apply, the following elements must be present: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) the same parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Daccach,* 217 S.W.3d at 449. Thus, a party may not pursue a claim determined by the final judgment of a court of competent jurisdiction in a prior suit as a ground of recovery in a later suit against the same parties. *Tex. Water Rights Comm'n v. Crow Iron Works,* 582 S.W.2d 768, 771-72 (Tex. 1979). In short, res judicata precludes parties from relitigating claims that have been finally adjudicated by a competent tribunal. *See Barr,* 837 S.W.2d at 628.

*Igal v. Brightstar Info. Tech. Group, Inc.,* 250 S.W.3d 78, 86 (Tex. 2008).

In this case, it is undisputed that the first two elements are met. The third element is at issue in this appeal; for that element, Texas follows the transactional approach.

> Under the transactional approach followed in Texas, a subsequent suit is barred if it arises out of the same subject matter as the prior suit, and that subject matter could have been litigated in the prior suit. *Barr*, 837 S.W.2d at 631. We explained in *Barr* that "a final judgment on an action extinguishes the right to bring suit on the transaction, or series of connected transactions, out of which the action arose." *Id.* at 631 (citing RESTATEMENT (SECOND) OF JUDGMENTS § 24(1) (1982)). Determining the scope of the "subject matter" or "transaction" of the prior suit requires "an analysis of the factual matters that make up the gist of the complaint, without regard to the form of action." *Id.* at 630. This should be done pragmatically, "'giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a trial unit conforms to the parties' expectations or business understanding or usage.'" *Id.* at 631 (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 24(2) (1982)). "Any cause of action which arises out of those same facts should, if practicable, be litigated in the same lawsuit." *Id.* at 630.

*Citizens Ins. Co. v. Daccach,* 217 S.W.3d 430, 449 (Tex. 2007).

Within the third element, the parties agree that the summary-judgment issue is whether Gene's claims of the allegedly forged 1970 deed and Floyd's allegedly fraudulent use of it in the first lawsuit could (and should) have been raised in the first lawsuit with the use of diligence. "Res judicata, or claims preclusion, prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, *with the use of diligence*, should have been litigated in the prior suit." *Barr,* 837 S.W.2d at 628 (emphasis added).

In support of her res judicata affirmative defense to Gene's fraud claim, Duke filed the following summary-judgment evidence:

- A "trial abstract" (*see* TEX. R. CIV. P. 793) that Floyd filed in the first lawsuit on April 10, 1995;[2] it states that Floyd will be relying on the following document as evidence in his behalf:

  > Deed dated November 27, 1970, from Floyd F. Duke and wife M.L. Duke to Floyd Duke, Jr., acknowledged by said Floyd F. Duke and wife before Mary E. Lindsey, Notary Public in and for Nueces County, Texas, on November 27, 1970, and recorded in Vol. 909, at pages 49, 50 and 51, of the Real Property Records of Limestone County, Texas.

- Floyd's interrogatory answer, filed in the first lawsuit also on April 10, 1995, identifying the following document giving rise to a claim of title:

  > Deed dated 27 November 1970, from Floyd F. Duke and wife M.L. Duke to Floyd Duke, Jr., located now in the law office of … and having contents as shown by the record thereof in Vol. 909, at pages 49 et seq., Deed Records of Limestone County, Texas.

A copy of the 1970 deed was filed by Steele with his summary-judgment response, and it shows that the deed was filed for record with the County Clerk of Limestone County on May 12, 1994. As Duke points out, a properly recorded deed is notice to all persons of its existence. TEX. PROP. CODE ANN. § 13.002 (West 2004); *see Corpus v. Arriaga*, 294 S.W.3d 629, 635 (Tex. App.—Houston [1st Dist.] 2009, no pet.) ("The purpose of recording statutes in Texas is to give notice to all persons of the existence of the instrument.").

A trespass-to-try-title action is a procedure by which rival claims to title or right of possession may be adjudicated. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 755

---

[2] With the first lawsuit's trial occurring in January 2005, the parties were on notice of Floyd's trial abstract for almost ten years. *See Cain v. Roberts*, 644 S.W.2d 492, 493 (Tex. App.—Dallas 1982, writ ref'd n.r.e.) (filing of trial abstract fourteen months before trial gave opponent adequate notice of instruments being relied on to establish title).

(Tex. 2003); *see Clark v. Snider,* 738 S.W.2d 49, 50 (Tex. App.—Texarkana 1987, no writ) (holding that contention of forgery of deed in chain of title is issue that should have been made in prior trespass-to-try-title suit); *see also Bellaire Kirkpatrick Joint Venture v. Loots,* 826 S.W.2d 205, 209-10 (Tex. App.—Fort Worth 1992, writ denied) (discussing effect of forged deed in trespass-to-try-title suit).

Gene did not file any summary-judgment evidence directly pertaining to his use of diligence to discover and raise the forgery issue in the first lawsuit. Instead, the only summary-judgment evidence that he filed was a 2006 document examiner's preliminary report concluding that the 1970 deed was a forgery. From that, Gene argues that he had no reason to doubt the 1970 deed's authenticity in the first lawsuit and that he did not become aware of the alleged forgery until after judgment was entered in the first lawsuit. This argument begs the use-of-diligence question.

With the use of diligence, the validity of the 1970 deed could have been and should have been litigated in the first lawsuit. *See Clark,* 738 S.W.2d at 50 (holding that contention of forgery of deed in chain of title is issue that should have been made in prior trespass-to-try-title suit); *see also Barr,* 837 S.W.2d at 631 ("Modern rules of procedure obviate the need to give parties two bites at the apple, as was done in *Griffin,* to ensure that a claim receives full adjudication. Discovery should put a claimant on notice of any need for alternative pleading."); *cf. King Ranch,* 118 S.W.3d at 752 ("Intrinsic fraud, by contrast, relates to the merits of the issues that were presented and presumably were or should have been settled in the former action. Within that term are included such matters as fraudulent instruments, perjured testimony, or any matter

which was actually presented to and considered by the trial court in rendering the judgment assailed. Such fraud will not support a bill of review, because each party must guard against adverse findings on issues directly presented. Issues underlying the judgment attacked by a bill of review are intrinsic and thus have no probative value on the fraud necessary to a bill of review.") (citations omitted); *cf. id.* at 758 ("[T]o permit multiple actions leaves an undesirable uncertainty in the economic affairs of those subject to them. Thus, the social interest in preserving free marketability of property, recognized in recording and registration acts and in statutes of limitations, can be undermined by allowing repeated litigation of the same title on various grounds existing at the time the first action is brought.") (quoting *Developments in the Law—Res Judicata*, 65 HARV. L.REV. 818, 827-28 (March 1952). The trial court properly granted summary judgment on Duke's affirmative defense of res judicata.

We overrule Gene's sole issue and affirm the trial court's judgment.


REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed March 28, 2012
[CV06]