

# NUMBER 13-22-00202-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE ESTATE OF ROBERT LEE RODGERS, DECEASED

On appeal from the Probate Court No. 2
of Tarrant County, Texas.

## MEMORANDUM OPINION

### Before Justices Tijerina, Silva, and Peña
### Memorandum Opinion by Justice Tijerina

By one issue, appellant Vanessa G. Calvin appeals the trial court's award of attorney's fees in a will contest. Specifically, appellant contends that the evidence is insufficient to show that the fees were reasonable and necessary or that they were properly segregated. Appellees Kyshun Cooks, Rolissa L. Rodgers, and Julius L. Jackson Jr. contend that appellant lacks standing to challenge the award of attorney's fees. We dismiss the appeal.[1]

---

[1] This appeal was transferred to this Court from the Second Court of Appeals pursuant to a docket-

## I.    STANDARD OF REVIEW AND APPLICABLE LAW

Standing is a component of subject matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Cont. Bd.*, 852 S.W.2d 440, 444–45 (Tex. 1993). Therefore, "[w]e review questions of standing de novo." *Farmers Tex. Cnty. Mut. Ins. Co. v. Beasley*, 598 S.W.3d 237, 240 (Tex. 2020) (citing *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 646 (Tex. 2004)). A standing issue relates to the question of who may bring an action. *Patterson v. Planned Parenthood of Houston & S.E. Tex., Inc.*, 971 S.W.2d 439, 442 (Tex. 1998). The general test for standing in Texas requires for there to be a real controversy between the parties that will be determined by the judicial declaration sought. *Tex. Ass'n of Bus.*, 852 S.W.2d at 446. Standing requires a personal stake in the controversy. *In re B.I.V.*, 923 S.W.2d 573, 574 (Tex. 1996) (per curiam); *Hunt v. Bass*, 664 S.W.2d 323, 324 (Tex. 1984).

Cases involving probate proceedings are subject to the Texas Estates Code. *See* TEX. EST. CODE ANN. § 31.001 (establishing that a probate proceeding includes, among other things, the probate of a will, a claim arising from an estate administration and any action brought on the claim, and a will construction suit). The estates code provides that "[a] person interested in an estate may, at any time before the court decides an issue in a proceeding, file written opposition regarding the issue." *Id.* at § 55.001. Additionally, a personal representative of an estate is entitled to "reasonable attorney's fees necessarily incurred in connection with the proceedings and management of the estate." *Id.* at

---

equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

2

§ 352.051. "A person designated as executor in a will . . . for the purpose of having the will . . . admitted to probate, defends the will . . . or prosecutes any proceeding in good faith and with just cause, whether" successful or not, "shall be allowed out of the estate the executor's . . . necessary expenses and disbursements in those proceedings, including reasonable attorney's fees." *Id.* at § 352.052(a). Named heirs are entitled to the same. *Id.* at § 352.052(b).

## II. PERTINENT FACTS

Appellees attempted to probate a will signed by the decedent, Robert Lee Rodgers, on February 2, 2017 (the "2017 will"). Appellant filed a will contest and attempted to probate a separate will purporting to have been signed by the decedent on February 24, 2016 (the "2016 will)."[2] Appellees counterclaimed on the basis that appellant had filed certain documents that were "false, null and void, and should be removed from the records and for damages," including attorney's fees. A jury trial was held on all claims, including on whether to probate the 2017 will.

The jury determined that the 2017 will was signed in person by the decedent and attested by two or more credible persons, who were at least fourteen years of age and were in the decedent's presence when they signed the document in their own handwriting. The jury found that appellees acted "in good faith and with just cause, whether or not successful, in prosecuting their application to have" the 2017 will "admitted into probate."

---

[2] Appellant was a beneficiary to the 2016 will; the trial court dismissed appellant's application to probate the 2016 will.

3

The jury also found that the reasonable attorney's fees that were necessary "to prosecute this suit for the purpose of having" the 2017 will "admitted to probate" were $108,946.60.[3]

The trial court entered a final judgment on the jury's findings and ordered that the attorney's fees be taxed against the estate. The trial court admitted the 2017 will to probate and ordered that it be recorded. Appellant is not named in the will. Appellees are named in the 2017 will as follows: Jackson is the executor and Rodgers and Cooks are beneficiaries. This appeal followed.

### III. DISCUSSION

Appellant does not challenge any of the jury's findings regarding the 2017 will. Instead by her sole issue, appellant contends that the attorney's fees should not have been taxed against the estate and the fees were not properly segregated.

As previously set out above, the estates code allows executors and named heirs to collect reasonable attorney's fees, which may be taxed against the estate to probate or defend the will. *Id.* § 352.052(a)–(b). Here, it is undisputed that appellees successfully defended the 2017 will. Nonetheless, to contest such an expenditure or disbursement, the person challenging it must be an interested person. *See id.* § 55.001. Therefore, we

---

[3] Additionally, the jury found that appellant created several fraudulent liens or claims on real property by recording them in Tarrant County, Texas, as follows: (1) a document filed on August 7, 2019, purporting to be a deed of the decedent's real property that he allegedly gave to her; (2) a document filed on August 19, 2019 purporting to make appellant the trustee of a trust over real property owned by the decedent; (3) "the Employer Identification Number . . . on October 14, 2020"; (4) "the Affidavit of Heirship . . . on August 9, 2019"; (5) "the Affidavit of Domicile in the Deed Records . . . on August 9, 2019"; (6) "the Affidavit of Death . . . on August 9, 2019"; and (7) "the Trustee Appointment . . . on August 6, 2019." The jury awarded appellees zero damages for attorney's fees for the suit against appellant for the fraudulent liens and claims on real property. The trial court signed a declaratory judgment stating that all these documents were null and void.

will address appellant's challenge to the jury's determination that the attorney's fees be taxed against the estate only if she is an interested person. *See id.*

An interested person must have a pecuniary interest in the estate that will be affected by the outcome of the proceeding. *Ferreira v. Butler*, 575 S.W.3d 331, 334–35 (Tex. 2019). The estates code defines an interested person as "an heir, devisee, spouse, creditor, or any other having a property right in or claim against an estate."[4] TEX. EST. CODE ANN. § 22.018(1).

Here, the 2017 will has been probated, appellant does not challenge the jury's findings that the decedent's will was properly authenticated, and appellant is not named in the 2017 will. Nonetheless, appellant claims that she has a pecuniary interest in the estate because she is the decedent's biological daughter. However, the jury did not make this determination, and whether appellant is the decedent's biological daughter has not been established by this record.[5]

Moreover, this is no longer a will contest; instead, appellant challenges how the proceeds of the estate will be distributed when the will has been upheld by a jury in a

---

[4] We note that in this case, there are no heirs because the decedent did not die intestate. *See* TEX. EST. CODE ANN. § 22.015 ("'Heir' means a person who is entitled under the statutes of descent and distribution to a part of the estate of a decedent who dies intestate."); *Moody v. Moody*, 613 S.W.3d 707, 716 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) ("[T]here is no 'heir' in this case within the meaning of the Estates Code definition because William did not die intestate; William died leaving a will."). Therefore, appellant cannot be an heir as a matter of law.

[5] At trial, appellees disputed that appellant is the decedent's daughter. Specifically, during the trial, Rodgers stated that appellant has "not been properly identified as being my [biological] sister." Rodgers also stated that the decedent told her that appellant is not his biological daughter. This testimony was elicited by appellant acting pro se when she examined Rodgers. Rodgers claimed that the decedent had seven biological children, whom she named, and which did not include appellant.

court when she is not a party to the will. Appellant is not an heir, devisee, spouse, creditor, or any other having a property right in or claim against the decedent's estate. *See* TEX. EST. CODE ANN. § 22.018(1). And appellant makes no such claim. In addition, appellant's contest of the 2017 will was unsuccessful, which makes it a valid will. *See Martinez v. Arredondo*, 406 S.W.2d 513, 514 (Tex. App.—Beaumont 1966, no writ) ("We hold that the general rules of law pertaining to the 'res judicata' doctrine apply to a will contest. A final valid judgment of the County Court adjudicating the validity of a will, is conclusive of every matter that the parties might properly have litigated in such action."); *see also In re Estate of Cantu*, No. 04-10-00389-CV, 2011 WL 446640, at *2 (Tex. App.—San Antonio Feb. 9, 2011, no pet.) (mem. op.) (determining that res judicata barred the child's will challenge on basis that the validity of the will had already been litigated). Therefore, as appellant is not named in the will and has not shown on this record that she has a pecuniary interest which will be affected by how the proceeds of the estate are spent, she has not met her burden of showing that she has standing to challenge the jury's determination that the attorney's fees be taxed against the estate. *See Maurer v. Sayre*, 833 S.W.2d 680, 682 (Tex. App.—Fort Worth 1992, no writ); *see also Brashear v. Dorai*, No. 14-19-00194-CV, 2020 WL 5792304, at *3 (Tex. App.—Houston [14th Dist.] Sept. 29, 2020, no pet.) (mem. op.) ("In the absence of such an interest, a contestant is a mere meddlesome intruder, and it is not the policy of the State of Texas to permit those who have no interest in a decedent's estate to intermeddle therein."). We conclude that appellant lacks standing to challenge how the estate is taxed, and we do not address her

sole issue.[6]

## IV. CONCLUSION

We dismiss the appeal for lack of jurisdiction.

JAIME TIJERINA
Justice

Delivered and filed on the
17th day of August, 2023.

---

[6] We note that the attorney presented evidence supporting the jury's award of attorney's fees, and appellant did not object to the award on the basis that the fees had not been properly segregated.