**Martha BURKE, Appellant**

v.

**INSURANCE AUTO AUCTIONS CORP. a/k/a Insurance Auto Auction, Appellee.**

No. 05–04–01608–CV.

Court of Appeals of Texas, Dallas.

Aug. 16, 2005.

---

E. Todd Tracy, Tracy & Carboy, Dallas, for Appellant.

Kirk Willis, Godwin, Gruber. LLP, Dallas, for Appellee.

Before Justices MORRIS, LANG, and MAZZANT.

## OPINION

Opinion by Justice LANG.

Martha Burke, plaintiff below, appeals the trial court's final summary judgment dismissing her claims against Insurance Auto Auctions Corp. a/k/a Insurance Auto Auction. On appeal, Burke argues the trial court erred when it granted summary judgment in favor of IAA concluding, as a matter of law, she failed to file her claims for negligence, tortious interference with a contract, and fraud before the two-year statute of limitations expired.

In three issues, Burke contends the trial court used the incorrect accrual date for measuring whether the statute of limitations had run on her causes of action against IAA because: (1) the legal injury rule does not apply until all necessary elements of her cause of action are "realized"; and (2) the accrual date for her causes of action did not begin until the summary judgment in favor of General Motors Corporation was granted.

We decide Burke's three issues against her. The trial court's final summary judgment is affirmed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Burke was involved in an automobile accident on September 7, 1999. When Burke's Chevrolet Geo Tracker was struck, the airbag failed to deploy. The impact caused Burke's vehicle to rotate and her head hit the unpadded B–Pillar resulting in a severe brain injury.

Burke's attorney purchased her Tracker from USAA Insurance on November 12, 1999. The Tracker was stored by IAA in its immediate post-crash condition as evidence for Burke's product liability case. In August 2000, when Burke's attorney secured actual possession of the Tracker, these components were missing or dis-

placed from their design positions: (1) the driver's A pillar trim and visor; (2) the driver's front and rear doors were removed and were missing; (3) the left B-pillar, including much of the door sills and roof rail, was missing; (4) the driver's seat was missing; (5) the 3–point restraint system was missing; (6) the left side grab handle was missing; and (7) the driver's SRS and SDM were missing. On September 28, 2000, Burke's attorney wrote to USAA complaining that the Tracker had been "cannibalized" and that portions of the vehicle were missing.

On July 5, 2001, Burke sued General Motors Corporation for product liability in the district court.[1] The district court granted summary judgment in favor of General Motors dismissing Burke's suit on October 14, 2002. In its order, the district court concluded that General Motors' motion for summary judgment must be granted because the components or structures of the Tracker were missing or destroyed.

On October 21, 2002, Burke sued IAA in the county court, but she nonsuited on July 16, 2003. On July 18, 2003, Burke sued USAA and IAA in the county court alleging negligence, tortious interference with a contract, and conversion. In IAA's answer to Burke's lawsuit, it asserted the affirmative defense that Burke's claims were barred by the two-year statute of limitations.

IAA moved for traditional summary judgment seeking judgment, as a matter of law, on its affirmative defense claiming Burke failed to file her lawsuit within the two-year statute of limitations. Burke did not file a response to IAA's first motion

for summary judgment. The trial court granted IAA's first motion for summary judgment dismissing Burke's claims for negligence, tortious interference with a contract, and conversion.

However, before the trial court ruled on IAA's first motion for summary judgment, Burke filed amended petitions, which added claims for breach of contract and fraud, and dismissed USAA from the lawsuit. As a result, IAA filed its second motion for summary judgment on Burke's breach of contract and fraud claims. Burke did not file a response to IAA's second motion for summary judgment, but Burke again amended her petition to add a claim for breach of a third-party beneficiary contract.[2]

IAA filed its third motion for no-evidence summary judgment on Burke's claims for breach of contract, fraud, and breach of a third-party beneficiary contract. Burke filed a response to IAA's no-evidence motion for summary judgment arguing that her claims were viable. The trial court granted IAA's third motion for summary judgment and issued its final summary judgment dismissing Burke's lawsuit in its entirety.

## II. WAIVER FOR FAILURE TO ADEQUATELY BRIEF

■ IAA contends that Burke has waived her issues on appeal because she fails to support her issues or argument with citations to the record. Also, IAA contends that Burke cites to documents contained in her appendices, regarding which the trial court sustained IAA's hearsay objections.[3]

---

1. Burke sued General Motors Corporation in the 271st Judicial District Court, Wise County, Texas, in a case styled, *Burke v. General Motors Corporation and James Wood Motors*, No. 01–07–438.

2. The record does not show that there was a hearing or contain an order on IAA's second motion for summary judgment.

3. Burke does not appeal the trial court's ruling on IAA's hearsay objections to those documents.

Texas Rule of Appellate Procedure 38.1(f) requires appellate briefs to contain a statement of facts that is supported by record references. *See* TEX. R.APP. P. 38.1(f). Also, Texas Rule of Appellate Procedure 38.1(h) requires appellate briefs to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX.R.APP. P. 38.1(h); *Adams v. First National Bank Bells/Savoy,* 154 S.W.3d 859, 872 (Tex.App.-Dallas 2005, no pet.). Appellate courts must construe the Texas Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule. *Republic Underwriters Ins. Co. v. Mex–Tex, Inc.,* 150 S.W.3d 423, 427 (Tex.2004); *see* TEX.R.APP. P. 38.9; *Frazin v. Hanley,* 130 S.W.3d 373, 377 (Tex.App.-Dallas 2004, no pet.). However, an appellate court cannot consider documents or hearings that are cited in the brief and attached as appendices if they are not formally included in the record on appeal. *See Green v. Kaposta,* 152 S.W.3d 839, 841 (Tex.App.-Dallas 2005, no pet.).

Although she fails to cite to the record, Burke does provide argument and appropriate citations to authorities to support her contentions. *See Frazin,* 130 S.W.3d at 377. On the other hand, throughout her brief, Burke cites to documents in her appendices, which were excluded by the trial court when it sustained IAA's objections. We cannot consider those documents that are not properly included in the appellate record or before this Court. *See Green,* 152 S.W.3d at 841. However, we conclude that Burke has not waived her issues. We decide against IAA on that point and we will address Burke's issues on appeal.

## III. STATUTE OF LIMITATIONS

In her first through third issues on appeal, Burke argues the trial court erred when it granted summary judgment in favor of IAA concluding, as a matter of law, that she failed to file her claims for negligence, tortious interference with a contract, and fraud [4] before the two-year statute of limitations had expired.[5]

### A. Standard of Review

The standard for reviewing a traditional summary judgment granted on the ground that the statute of limitations has expired is well established. *Min v. Avila,* 991 S.W.2d 495, 504 (Tex.App.-Houston [1st Dist.] 1999, no pet.)(citing *see Burns v.*

---

4. IAA contends that it moved for and the trial court granted a no-evidence summary judgment on Burke's fraud claim, not a traditional summary judgment based on its affirmative defense that her claims were barred by the statute of limitations. The record does not show that the trial court was asked to rule, nor did it rule on whether Burke's fraud claim was barred by the statute of limitations. Rather, the record shows that the trial court granted IAA's first motion for summary judgment concluding, as a matter of law, Burke failed to file her claims of negligence, tortious interference with a contract, and conversion within the two-year statute of limitations. Also, the record shows that the trial court granted IAA's third motion for summary judgment concluding that there was no evidence to support Burke's claims of breach of contract, fraud, and breach of a third-party beneficiary contract. Accordingly, we do not address those aspects of Burke's three issues which address whether her fraud claim was barred by the statute of limitations.

5. Burke does not appeal the following: (1) the trial court's traditional summary judgment dismissing her claim for conversion because the statute of limitations had expired; or (2) the trial court's no-evidence summary judgment dismissing her claims for breach of contract, fraud, and breach of a third-party beneficiary contract.

*Thomas,* 786 S.W.2d 266, 266 (Tex.1990)). An appellate court reviews a traditional summary judgment granted because the statute of limitations has expired to determine whether there is an issue of material fact regarding when the limitations time period began to run. *Clark v. Snider,* 738 S.W.2d 49, 51 (Tex.App.-Texarkana 1987, no writ)(per curiam). When reviewing the record in an appeal involving a traditional summary judgment, the reviewing court must: (1) place the burden of showing that there is no genuine issue of material fact on the party that moved for traditional summary judgment; (2) take all evidence favorable to the nonmovant as true; and (3) indulge every reasonable inference and resolve all doubts in favor of the nonmoving party. *Eg. M.D. Anderson Hosp. & Tumor Institute v. Willrich,* 28 S.W.3d 22, 23–24 (Tex.2000); *see also Eiland v. Turpin, Smith, Dyer, Saxe & McDonald,* 64 S.W.3d 155, 158 (Tex.App.-El Paso 2001, no pet.).

### B. Applicable Law

■ A person must bring suit for negligence no later than two years after the cause of action accrues. *Waxler v. Household Credit Services, Inc.,* 106 S.W.3d 277, 279 (Tex.App.-Dallas 2003, no pet.); *see* Tex. Civ. Prac. & Rem.Code Ann. § 16.003(a) (Vernon 2002 & Supp.2004–05). The two-year statute of limitations also applies to claims for tortious interference with a contract. *Arabian Shield Development Co. v. Hunt,* 808 S.W.2d 577, 583 (Tex.App.-Dallas 1991, writ denied); *see* Tex. Civ. Prac. & Rem.Code Ann. § 16.003(a).

■■ The statute of limitations begins to run when the cause of action accrues. Tex. Civ. Prac. & Rem.Code Ann. § 16.003(a); *see also Waxler,* 106 S.W.3d at 279; *Arabian Shield,* 808 S.W.2d at 583. The determination of when a cause of ac-

tion accrues is a question of law. *Waxler,* 106 S.W.3d at 279. Because the statute setting the limitations period does not define or specify when accrual occurs, courts look to the common law to determine when a cause of action accrues. *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.,* 988 S.W.2d 746, 750 (Tex.1999); *Waxler,* 106 S.W.3d at 279.

■ As a general rule, when the elements of duty, breach, and resulting injury or damage are present, a tort action accrues. Then, the statute of limitations begins to run. *Waxler,* 106 S.W.3d at 280. A cause of action in tort generally accrues when the tort occurs, but a legal injury must be sustained before a cause of action arises. *See Waxler,* 106 S.W.3d at 280.

■ The first step in ascertaining when the statute of limitations begins to run in a tort action is to determine whether the act causing the damage constitutes a legal injury. *See Waxler,* 106 S.W.3d at 280. If the act complained of constitutes a legal injury to a plaintiff, the wrong is completed and the cause of action accrues from the time the act is committed, even where little, if any, actual damage occurs immediately on commission of the tort. *See Waxler,* 106 S.W.3d at 280. Conversely, if the act complained of does not, by itself, constitute a legal injury, the cause of action accrues when, and only when, the damages are sustained. *See Waxler,* 106 S.W.3d at 280.

### C. Application of the Law to the Facts

■ In her three issues, Burke contends the trial court used the incorrect accrual date for measuring whether the statute of limitations had run for her causes of action against IAA because: (1) the legal injury rule does not apply until all necessary elements of her cause of action are "realized"; and (2) the accrual

date for her causes of action did not begin until the summary judgment in favor of General Motors Corporation was granted. IAA responds that the legal injury rule applies for determining the accrual date because Burke does not argue that her claims were inherently undiscoverable.

First, we address Burke's argument that the legal injury rule does not apply until all necessary elements of her cause of action are, what she refers to as, "realized." In support of this position, Burke argues on appeal that this Court's decision in *Waxler* defers accrual of a cause of action and the running of the statute of limitations does not commence to run until all elements of a cause of action are "completed." *See Waxler*, 106 S.W.3d at 280. Using that interpretation of *Waxler*, she asserts that the statute of limitations did not commence running when the Tracker was cannibalized and she sustained a legal injury. *See id.* Rather, Burke contends her injury accrued when her damages were "realized"; that is, when the district court granted summary judgment in favor of General Motors on October 14, 2002.

In *Waxler*, the holder of a credit card made a payment on her account by a personal check. *Waxler*, 106 S.W.3d at 278. The credit service incorrectly encoded the check for a smaller dollar amount. Waxler contacted the credit service when she discovered the discrepancy and her bank credited the additional amount to the credit service. *Id.* at 278. Despite the fact that Waxler corrected the discrepancy, the credit service notified Waxler that she was delinquent and demanded payment. *Id.* Even though the credit service admitted it had made an error, it issued negative credit reports for five months on Waxler's creditworthiness. *Id.* at 279. Then, the

credit service issued a negative credit report stating Waxler had an unpaid bill that had been charged off as a bad debt. *Id.* Subsequently, Waxler applied for a credit card and was denied credit based on the credit service's negative credit reports. *Id.* It does not appear Waxler was aware of the filings of the negative credit reports until after she was denied credit. The trial court granted summary judgment in favor of the credit service finding that Waxler's claims were barred by the two-year statute of limitations. *Id.* at 280. On appeal, this Court concluded Waxler's cause of action did not accrue until she was denied credit based on the credit service's negative credit reports. *Id.* at 285.

Burke's reliance on *Waxler* is misplaced. In *Waxler*, the credit service's negative credit reports were not, themselves, unlawful, so the cause of action accrued under the legal injury rule when, and only when, she was denied credit and the damages were sustained. *See id.* at 281.

■■■ We review Burke's points on appeal to determine if the trial court properly applied the legal injury rule because Burke does not argue that she raised a genuine issue of material fact regarding when the limitations time period began to run.[6] *See Clark*, 738 S.W.2d at 51. The record reflects Burke's attorney became aware of a potential problem with her products liability suit against General Motors, when her attorney inspected the Tracker in August 2000 and found the vehicle had been cannibalized. Appellant became aware of her legal injury through her attorney because knowledge acquired by or notice to an attorney during the existence of the attorney-client relationship, and while the attorney is acting with-

---

6. Also, Burke does not argue on appeal and she did not plead or raise before to the trial court an exception to the legal injury rule.

in the scope of his authority, is imputed to the client. *Lehrer v. Zwernemann*, 14 S.W.3d 775, 778 (Tex.App.-Houston [1st Dist.] 2000, pet. denied). IAA's cannibalization of the Tracker, was in itself, a legal injury to Burke's product liability claims against General Motors. Hence, Burke's causes of action against IAA accrued from the time the Tracker was cannibalized, regardless of whether little, if any, actual damages had occurred. *See id.* at 280.

## IV. CONCLUSION

We conclude that the trial court did not err when it granted summary judgment in favor of IAA concluding, as a matter of law, that Burke failed to file her claims of negligence, tortious interference with a contract, and fraud before the two-year statute of limitations expired. Burke's first through third issues are decided against her.

The trial court's final summary judgment is affirmed.