Opinion on rehearing issued February 11, 2010

 

 

 



 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-08-00962-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



ASIF SAID and ASMA SAID, Appellants

 

V.

 

MARIA INVESTMENTS, INC., CHINASIA, INC., TAASCO
PRIVATE, LTD., VENOPAC, S.A., MERRYSAMAN, INC., AFAS LTDA. DE C.V., AZSA
IMPORTADORES ORIENTALES, LTDA. DE C.V., AZA LIMITADA, IMPORTACIONES ORIENTALES
LUSAFE S.A. DE C.V., NOOR IMPORTS, INC., and ALIA IMPORTS, INC., Appellees

 

 



On Appeal from the 151st District Court

Harris County, Texas

Trial Court Cause No. 2006-34130

 

 



MEMORANDUM OPINION ON REHEARING

Appellees Maria Investments, Inc.;
Chinasia, Inc.; Taasco Private, Ltd., Venopac, S.A.; Merryman, Inc.; Afas Ltda,
de C.V.; Azsa Importadores Orientales, Ltda., de C.V.; Aza Limitada;
Importaciones Orientales Lusafe SA de CV; Noor Imports, Inc., and Alia Imports,
Inc. (the companies) have moved for rehearing. 
We grant rehearing to incorporate the Texas Supreme Court’s newly issued
opinion in Kelly v. General Interior
Construction, Inc. in our analysis. 
No. 08-0669, 2010 WL 143985 (Tex. Jan. 15, 2010).  We withdraw our opinion and judgment of December
10, 2009, and issue the following in their stead.  Our disposition of the case remains
unchanged.  

Asif Said and Asma Said (the Saids)
appeal the trial court’s orders granting special appearances to the
companies—all defendants that the Saids sued along with Asif’s brother, Azhar
Said.  The Saids claim that Azhar reneged
on a partnership agreement he made with Asif, and seek damages to compensate
the Saids for Asif’s alleged partnership interest.[1]  The Saids contend that the trial court abused
its discretion in granting the special appearances.  Holding that had no evidence properly before
the trial court supports the special appearances, we reverse the portions of
the trial court’s orders granting the special appearances.  

 

BACKGROUND

Azhar, through the companies, among
other entities, manages the business, which operates carpet stores located in
Texas, California, Georgia, and Florida, as well as Mexico, Venezuela,
Colombia, and Pakistan.  Asif began
working with his brother in 1977.  In
mid-2006, a disagreement arose between them which culminated in Asif’s
exclusion from the business.  

The Saids brought this suit against
Azhar and the entities used to operate the business, asserting numerous causes
of action, including breach of fiduciary duty, stockholder oppression,
conversion, theft, and unjust enrichment. 


          In
June 2007, the companies all specially appeared.  They denied doing business in Texas or
committing any of the alleged acts in Texas, but did not attach any affidavits
or other proof to their special appearance, or refer to any evidence previously
on file.  

On November 19, 2008, the trial court
signed orders granting the special appearances. 
Later, after finding the special appearances had not yet been submitted,
the court vacated the orders and set the special appearances for hearing on
December 9, 2008.  Before the close of
business on December 2, 2008, the companies served the Saids, by facsimile
delivery, affidavits in support of their special appearances. The affidavits
are the only evidence supporting the companies’ special appearances.  

          The
Saids moved to strike the affidavits based on untimely service under Texas Rule
of Civil Procedure 21a.  They also moved
for a continuance on that ground and also for time to obtain additional
discovery pertinent to the issue of the companies’ contacts with Texas, both
direct and through an alter ego theory. 
The companies opposed the Saids’ motions.

          The
trial court denied the Saids’ motions at the December 9 hearing and then
proceeded to hear the special appearances. 
On December 31, 2008, the trial court granted the special
appearances.  

DISCUSSION

Special appearances

Due process allows a state court to
exercise personal jurisdiction over a defendant only if the defendant has some
minimum, purposeful contacts with the state, and the exercise of jurisdiction
will not offend traditional notions of fair play and substantial justice.  Dawson-Austin
v. Austin, 968 S.W.2d 319, 326 (Tex. 1998). 


Personal jurisdiction

Personal jurisdiction exists if the
nonresident defendant’s minimum contacts in the state give rise to either
specific jurisdiction or general jurisdiction. 
BMC Software, Belgium, N.V. v.
Marchand, 83 S.W.3d 789, 795 (Tex. 2002). 
A Texas court can exercise specific jurisdiction over a defendant if the
defendant’s alleged liability arises from or is related to an activity
conducted within the state.  Id. at 796.  In contrast, general jurisdiction exists
“when a defendant’s contacts in a forum are continuous and systematic so that
the forum may exercise personal jurisdiction over the defendant, even if the
cause of action did not arise from or relate to activities conducted within the
forum state.”  Id. (citing Guardian Royal
Exch. Assur., Ltd. v. English China Clays, P.L.C., 815 S.W.2d 223, 226
(Tex. 1991)).  

Special
appearance procedure

The procedure for challenging
personal jurisdiction through a special appearance is set forth in Texas Rule
of Civil Procedure 120a, while the type and quantum of proof required is
governed by the state and federal constitutions as interpreted by the common
law.  Rule 120a requires the trial court
to “determine the special appearance on the basis of the pleadings, any
stipulations made by and between the parties, such affidavits and attachments
as may be filed by the parties, the results of discovery processes, and any
oral testimony.”  Tex. R. Civ. P. 120a(3). 


Texas’s “special-appearance
jurisprudence dictates that the plaintiff and the defendant bear shifting
burdens of proof in a challenge to personal jurisdiction.”  Kelly
v. Gen. Interior Constr., Inc., No. 01-08-0669, 2010 WL 143985, at *3 (Tex.
Jan. 15, 2010).  The plaintiff bears the
initial burden of pleading jurisdictional facts sufficient to bring the
defendant within the reach of the Texas long-arm statute.  Id.  “Because the plaintiff defines the scope and
nature of the lawsuit, the defendant’s corresponding burden is tied to the
allegations in the plaintiff’s pleading.” 
Id.  The defendant can discharge its burden to
negate those allegations 

on either a
factual or legal basis.  Factually, the
defendant can present evidence that it has no contacts with Texas, effectively
disproving the plaintiff’s allegations.  The
plaintiff can then respond with its own evidence that affirms its allegations,
and it risks dismissal of its lawsuit if it cannot present the trial court with
evidence establishing personal jurisdiction. 
Legally, the defendant can show that even if the plaintiff’s alleged
facts are true, the evidence is legally insufficient to establish jurisdiction;
the defendant’s contacts with Texas fall short of purposeful availment; for
specific jurisdiction, that the claims do not arise from the contacts; or that
traditional notions of fair play and substantial justice are offended by the
exercise of jurisdiction.

Id. at
*4.  

          As
a threshold matter, therefore, we look to the record to determine the scope and
nature of the Saids’ lawsuit relevant to their jurisdictional allegations, as
well as the companies’ evidence and legal arguments to counter those
allegations.  The Saids’ live pleading
alleges that: “all Defendants reside in and/or do business with the State of
Texas”; each of the companies “engaged in business in Texas”; and the companies
and Azhar have such a unity of interest “that the separateness of the
corporations has ceased, and observing the separateness of the corporations
would result in an injustice.”  The Saids’
pleadings do not allege any facts that would provide a basis for the exercise
of specific jurisdiction.  Accordingly,
we consider only whether the companies met their burden to negate the
allegations supporting the exercise of general jurisdiction.  

In their June 2007 special
appearances, the companies stated that they 

·       
do not maintain
any executive offices in Texas;

·       
are not
incorporated in Texas; 

·       
do not maintain
any manufacturing facilities or business operations in Texas; and

·       
do not own any
real property in Texas.

The December 2 affidavits contain additional
statements negating the Saids’ jurisdictional allegations, and the trial court
considered them over the Saids’ objections. 
Whether those affidavits support the trial court’s ruling thus requires us
to first consider the Saids’ contention that the trial court improperly
considered the companies’ affidavits in granting their special appearances
because the companies failed to timely serve the Saids.  

If the party challenging personal
jurisdiction intends to rely on any proof in the form of affidavits, those
affidavits “shall be served at least seven days before the hearing . . .
.”  Tex.
R. Civ. P. 120a(3).  Rule 120a(3)
gives the trial court the discretion to continue a special appearance hearing
and thereby extend the time in which evidence may be served, but this power applies
only to a party opposing the special appearance who avers that he cannot
adequately prepare for the special appearance hearing.  Tex.
R. Civ. P. 120a(3); Tempest Broad.
Corp. v. Imlay, 150 S.W.3d 861, 869–70 (Tex. App.—Houston [14th Dist.]
2004, no pet.).  

Pointing to Rule 21a, the Saids
contend that the companies were required to add three days to the seven-day
service period prescribed in Rule 120a(3) because they used facsimile delivery
as the method of service.  Rule 21a
states that, “[w]henever a party has the right or is required to do some act
within a prescribed period after the service of a notice or other paper upon
him and the notice or paper is served upon him by mail or telephonic document
transfer, three days shall be added to the prescribed period.”  Tex.
R. Civ. P. 21a.  We are bound to
follow the Texas Rules of Civil Procedure as they are promulgated by the Texas
Supreme Court.  Sherrill v. Estate of Plumley,
514 S.W.2d 286, 297 (Tex. Civ. App.—Houston [1st Dist.] 1974, writ ref’d
n.r.e.).  

To determine whether Rule 21a
applies, we must consider whether the party opposing a special appearance “has
the right or is required to do some act within a prescribed period” after
service.  Rule 120a contemplates that the
party opposing a special appearance has the right to “present by affidavit
facts essential to justify his opposition,” and gives the trial court the
authority to continue the hearing so that the opponent can obtain any discovery
necessary to support its position.  See Tex.
R. Civ. P. 120a(3).  The party
opposing the special appearance also has the right to interpose timely
objections to the specially appearing party’s affidavits and other
evidence.  See id.  Because Rule 120a
recognizes that the party opposing a special appearance has the right to
present its own evidence to counter the proponent’s evidence and to object to
the proponent’s special appearance evidence by the prescribed hearing date, we
hold that Rule 21a applies.  Thus, the companies
could have served the affidavits seven days before the hearing if they had used
hand delivery, but they were required to serve them at least ten days before
the hearing if they used fax or first-class mail.  Because the companies chose fax rather than
hand delivery as the method of service, the companies sent their last-minute faxes
three days too late.  

Here, the Saids objected to the
untimeliness of the affidavits by moving to strike them or, alternatively, for
continuance of the special appearance hearing and secured rulings from the
trial court on these motions, thus preserving the issue for appellate
review.  See Tex. R. App. P.
33.1(a).  The trial court erred in denying
those motions and, thus, in considering the late-filed affidavits in support of
the special appearances.  See Tempest Broad. Corp., 150 S.W.3d at 870
(declining to consider late-filed affidavit in determining whether appellee was
entitled to special appearance).  

The Saids’ live pleading alleges that
the companies reside and engage in business in Texas.  The companies’ special appearances negate the
existence of certain activities that could constitute doing business in Texas
for general jurisdiction purposes, but leave unaddressed other activities that constitute
“doing business,” relevant to the Saids’ pleadings, such as contracting or
partnering with Texas residents to conduct business in Texas, advertising to
Texas residents, training employees in Texas, or hiring Texas residents.  Without the untimely filed affidavits, the
companies’ statements in their special appearance do not fully negate these
jurisdictional allegations.[2]  On rehearing, the companies contend that
excerpts from Azhar’s deposition in the record “address[] the fact that several
of the companies did not conduct business in [the] state of Texas . . . and
constitute[] prima facie evidence of no jurisdiction over these
companies.”  We read the cited deposition
testimony as supporting the opposite conclusion.  According to Azhar’s testimony, Phoenician
Imports, Inc., a defendant in the trial court and a Texas corporation, owns the
inventory of and acts as wholesale supplier for some, if not all, of the companies.  Those ongoing business relationships with
Phoenician, a Texas resident, are relevant to whether Texas courts have
personal jurisdiction over a foreign defendant. 
See Moki Mac River Expeditions v. Drugg, 221 S.W.3d 569, 578 (Tex.
2007) (“Sellers who ‘reach out beyond one state and create continuing
relationships and obligations with citizens of another state’ are purposeful
rather than fortuitous.”) (quoting Michiana
Easy Livin’ Country, Inc. v. Holten, 169 S.W.3d 777, 784, 785 (Tex. 2005)).  Because the companies did not rebut the allegations
supporting the exercise of personal jurisdiction, the trial court erred in
granting the special appearances.

CONCLUSION

          The
companies failed to timely serve proof negating the Saids’ jurisdictional
allegations, and thus the trial court erred in relying on the untimely proof in
granting their special appearances in the face of an objection to its lateness.  We therefore reverse the portions of the trial
court’s December 31, 2008 orders that grant the special appearances.

 

 

                                                          Jane Bland

                                                          Justice

Panel consists of Chief Justice
Radack and Justices Bland and Massengale.











[1] Azhar and other defendant entities concede that they
are subject to suit in Texas and are not parties to this appeal.

 





[2] Because of the companies’ failure to meet their burden
to negate these allegations, the Saids did not need to carry the burden to
prove, alternatively, that actions in Texas should be imputed to the companies.  The plaintiff also bears the burden to prove
the contacts of another person or entity should be imputed to the defendant if
it relies on those contacts to assert personal jurisdiction over the defendant.
See BMC Software Belg., N.V. v. Marchand, 83 S.W.3d 789, 798 (Tex.
2002) (plaintiff bears burden of proving jurisdictional alter ego).