ACCEPTED
03-15-00262-CV
7824224
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/13/2015 2:40:08 PM
JEFFREY D. KYLE
CLERK

No. 03-15-00262-CV

_____

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AT AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/13/2015 2:40:08 PM
JEFFREY D. KYLE
Clerk

_____

## TEXAS ASSOCIATION OF ACUPUNCTURE AND ORIENTAL MEDICINE,
*Appellant*,
**v.**
## TEXAS BOARD OF CHIROPRACTIC EXAMINERS AND YVETTE YARBROUGH, EXECUTIVE DIRECTOR IN HER OFFICIAL CAPACITY,
*Appellees*.

_____

On Appeal from the 201st Judicial District Court
Of Travis County, Texas
Cause No. D-1-GN-14-000355

_____

### APPELLEES' SECOND MOTION TO STRIKE
_____

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

DAVID A. TALBOT, JR.
Chief, Administrative Law Division

JOE H. THRASH
Assistant Attorney General
State Bar No. 19995500
Administrative Law Division
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4203
Facsimile: (512) 320-0167
Joe.Thrash@texasattorneygeneral.gov

ATTORNEYS FOR APPELLEES

**APPELLEES' SECOND MOTION TO STRIKE**

The Texas Board of Chiropractic Examiners and Yvette Yarbrough, Executive Director (collectively, "Board") move to strike those portions of the briefs of amici Chiropractic Society of Texas, International Federation of Chiropractors & Organizations, American College of Acupuncture and Oriental Medicine, AOMA Graduate School of Integrative Medicine, and the Student Associations of American College of Acupuncture and Oriental Medicine and AOMA Graduate School of Integrative Medicine that rely on documents outside the Clerk's Record and the documents themselves, because they were not presented to or relied upon by the trial court in rendering its judgment, and the documents are not part of the Clerk's Record or otherwise made a part of the record on appeal. Now that Appellee has moved to strike those portions of Appellant's brief that improperly rely on material that Appellant failed properly to introduce in evidence in this case, these amici have been enlisted to apprise the Court of these facts. Because these amicus briefs are merely a back-door attempt to expand the evidentiary record before this Court, those portions of the amicus briefs that rely on or incorporate the same documents that Appellant sought to introduce should be struck, as well as other parts of the amicus briefs that cite factual material outside the record.

The objectionable portions of the amicus briefs include the following:

1. Chiropractic Society of Texas letter brief at page 2:
   CST Bylaws, Article I stating the "Definition of Straight Chiropractic."

1

2. International Federation of Chiropractors & Organizations at page 3: The Association of Chiropractic Colleges, 2.0 ACC Position on Chiropractic, available at http://www.chirocolleges,org/paridigm_scope_practice.html.

3. American College of Acupuncture and Oriental Medicine:
   a. Footnote 2. National Certification Commission for Acupuncture and Oriental Medicine, NCCAOM Certification Handbook 2015, available at http://www.nccaom.org/wp-content/uploads/pdf/Certification%20Handbook.pdf.
   b. Footnote 3. National Board of Chiropractic Examiners, Acupuncture Brochure (page 3, Applicant Eligibility), available at http://nbce.wpengine.com/wp-content/uploads/acu_brochure.pdf.
   c. Footnote 4. Chiropractic Board hearing, July 11, 2012. https://www.tbce.state.tx.us/Hearings/Acupuncture20120711.MP3.
   d. Footnote 5. Houston Chronicle article, available at http://www.chron.com/news/health/article/Doctors-increasingly-are-turning-to-acupuncture-4919724.php.

4. AOMA Graduate School of Integrative Medicine:
   a. Footnote 1. CCAOM Clean Needle Technique Manual 7th Edition, Part I: AOM Clinical Procedures, Safety, Adverse Events (AEs) and Recommendations to Reduce AEs, available at http://www.ccaom.org/downloads/7thEditionManualEnglishPDFVersion.pdf.
   b. Footnote 2. Chiropractic Board hearing, July 11, 2012. https://www.tbce.state.tx.us/Hearings/Acupuncture20120711.MP3.
   c. Footnote 3. Chiropractic Board hearing, July 11, 2012. https://www.tbce.state.tx.us/Hearings/Acupuncture20120711.MP3.

5. Student Associations of American College of Acupuncture and Oriental Medicine and AOMA Graduate School of Integrative Medicine:
   a. Footnote 2. Frisco Spinal Rehabilitation, Infertility, available at http://www.friscorehab.com/fertility-and-acupuncture.php. Frisco Spinal Rehabilitation, Allergies and Acupuncture, available at http://www.friscorehab.com/allergies-and-acupuncture.php.
   b. Footnote 3. Ranger Chiropractic Clinic, Physicians, available at http://www.ranger-chiropractic.com/#!physicians/cipy.

Texas Rule of Appellate Procedure 34.1 states the following: "The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record." The documents listed above do not appear in, nor are they referenced in any pleading that is a part of the clerk's record. Amici are subject to the same rules as the parties when filing briefs with the Court. Tex. R. App. P. 11(a). When these documents are referenced in the amici's briefs, the documents do not contain a reference to the Clerk's Record. Tex. R. App. P. 38.1(g). This Court may only review the record as filed and may not consider documents neither in the record nor considered by the trial court. *Burke v. Ins. Auto Auctions Corp*., 169 S.W.3d 771, 775 (Tex. App.—Dallas 2005, pet. denied). There is significant overlap between the documents cited in the amicus briefs and the Appellant's Brief. Just as the documents and argument based upon them were improper in TAAOM's Brief, they are improper in the amicus briefs. Accordingly, this Motion to Strike should be granted and the Court should not review the above documents cited by amici or the arguments supported by these documents.

Further, the Court should not take judicial notice of any of the documents. Judicial notice is neither requested nor appropriate in this case. These documents are matters of evidence that should have been introduced at the trial court to be considered. For instance, two of the amici cite to a recording of a hearing before a committee of the Board. This was objected to in TAAOM's Brief and is still outside

3

the record and inappropriate for judicial notice. Another amicus cites a newspaper article. Clearly, this is not a source whose "accuracy may not reasonably be questioned." Tex. R. Evid. 201. Another cites advertisements from chiropractors allegedly using acupuncture for treatment outside their scope of practice. Apart from being irrelevant to the case before this Court, it appears intended only to incite animosity toward the Board. Certainly it is not something of which the Court may take judicial notice.

## PRAYER

The Board asks the Court to grant this Appellees' Second Motion to Strike and delete from the consideration of this case all documents pertaining to factual matters outside the Clerk's Record and all arguments based upon those documents.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

DAVID A. TALBOT, JR.
Chief, Administrative Law Division

4

/s/ Joe H. Thrash
JOE H. THRASH
Bar No. 19995500
Assistant Attorney General
Administrative Law Division
P. O. Box 12548, Capitol Station
Austin, Texas  78711-2548
Telephone:   (512) 475-4203
Facsimile:    (512) 320-0167
Joe.thrash@texasattorneygeneral.gov
ATTORNEYS FOR APPELLEES

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with opposing counsel concerning the Second Motion to Strike and they are not in agreement with the Motion.

/s/ Joe H. Thrash
JOE H. THRASH
Assistant Attorney General

## CERTIFICATE OF COMPLIANCE

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3) and relying on the word count function in the word processing software used to produce this document, I certify that the number of words in this document is 812.

/s/ Joe H. Thrash
JOE H. THRASH
Assistant Attorney General

## <u>CERTIFICATE OF SERVICE</u>

A true and correct copy of the foregoing Second Motion to Strike was served via e-serve and/or e-mail on this the 13th day of November, 2015 to the following:

Craig T. Enoch                                      Via electronic service and/or email
ENOCH KEVER PLLC
600 Congress Avenue
Suite 2800
Austin, Texas  78701
cenoch@enochkever.com
Melissa A. Lorber
mlorber@enochkever.com
Shelby O'Brien
sobrien@enochkever.com
Telephone: (512) 615-1200
Facsimile:  (512) 615-1198
Attorneys for Appellant Texas Association of
Acupuncture and Oriental Medicine

Matthew M. Mix D.C.
Chiropractic Society of Texas
312 E. Church St.
Livingston, TX 77351
info@texaschiropractic.org

Dr. Peter J. Kevorkian
International Federation of Chiropractors and Organizations
2276 Wassergass Road
Hellertown, PA 18055
www.IFCOchiro.org

John Paul Liang
American College of Acupuncture and Oriental Medicine
9100 Westpark Dr.
Houston, TX 77063
jpliang@acaom.edu

William R. Morris
AOMA Graduate School of Integrative Medicine
4701 West Gate Blvd.
Austin, TX 78745
wmorris@aoma.edu

Linda Henderson
9100 Westpark Dr.
Houston, TX 77603
lhenderson@acaom.edu

Gene Kuntz II
AOMA Graduate School of Integrative Medicine
4701 West Gate Blvd.
Austin, TX 78745
gkuntz@student.aoma.edu

/s/ Joe H. Thrash
JOE H. THRASH
Assistant Attorney General

7