**Opinion filed June 8, 2017**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00095-CV

_____

## PAULA MORRIS, Appellant

## V.

## JOSE TERRAZAS AND THERESA MYERS, Appellees

**On Appeal from the County Court at Law No. 2**
**Midland County, Texas**
**Trial Court Cause No. CC17487**

## M E M O R A N D U M   O P I N I O N

Paula Morris's pro se appeal arises out of an automobile accident that occurred on October 21, 2011. Although she was not directly involved in the accident, she owned the vehicle that was damaged when it was rear-ended in a multiple-vehicle collision.[1] Theresa Myers, who was following too closely, rear-ended Jose Terrazas,

---

[1] Morris's seventeen-year-old son, Jordan, was the driver of her vehicle, and Morris alleged that he was injured in the collision and filed suit on his behalf in another case that is not part of this appeal. However, Morris did allege in her amended petition that she was responsible for certain fees or expenses for her son.

who then rear-ended Elizabeth Mayers, whose vehicle rear-ended Morris's vehicle. Morris filed suit in county court on April 11, 2014, seeking damages related to the collision. The trial court granted Mayers's, Terrazas's, and Myers's motions for summary judgment and entered a take-nothing judgment as to Morris's claims.

On appeal, Morris asserts four issues. First, she alleges that the district clerk failed to timely prepare and issue citations to the parties. Second, she claims that the trial court erred when it did not grant a default judgment. Third, she alleges that the trial court failed to give due consideration to her reasons for delay in serving Myers with service of process. Fourth, she argues that the trial court should not have granted summary judgment because there was a material issue of fact on Terrazas's and Myers's liability. We affirm.

## I. *Procedural History*

On November 4, 2013, fourteen days after the statute of limitations deadline, Morris first filed suit for damages in justice court.[2] However, the justice court dismissed the suit because Morris claimed an amount of damages that exceeded the jurisdictional limits of that court.[3] Following this dismissal, Morris filed her claim in county court on April 11, 2014. Terrazas received service of process more than seven months later on November 17, 2014. Morris attempted service of process by certified mail on Myers on November 20, 2014, and again by certified mail on March 4, 2015. Morris then had the Midland County Sheriff's Department complete personal service of process on Myers on June 2, 2015, which was more than eighteen months after she had filed suit.

Although the record does not reflect when Mayers was served, it does indicate that the trial court granted her traditional and no-evidence motion for summary

---

[2]*See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 2017).

[3]*See* TEX. GOV'T CODE ANN. § 27.031 (West Supp. 2016).

2

judgment on February 5, 2015.[4]  Terrazas and Myers also filed separate summary judgment motions in which they claimed the affirmative defense of statute of limitations.  Myers questioned whether Morris exercised diligence to complete service of process.  Myers also asserted the grounds of collateral estoppel or issue preclusion.  The trial court, in separate judgments, granted the motions on January 20, 2016, but did not state the grounds for each of the judgments.  Morris now appeals the trial court's summary judgments in favor of Terrazas and Myers.

## II. *Standard of Review*

We review a summary judgment de novo.  *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010); *Mid-Century Ins. Co. of Tex. v. Ademaj*, 243 S.W.3d 618, 621 (Tex. 2007).  The movant for traditional summary judgment must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  *See* TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).  A defendant who moves for traditional summary judgment must either negate at least one essential element of the nonmovant's cause of action or prove all essential elements of an affirmative defense.  *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995).  When a party moves for summary judgment on traditional grounds, we take the evidence adduced in favor of the nonmovant as true and draw every reasonable inference and resolve all doubts in the nonmovant's favor.  *Id.* (citing *El Chico Corp. v. Poole*, 732 S.W.2d 306, 315 (Tex. 1987)).

Once the defendant establishes a right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence that raises a genuine issue of material fact.  *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–

---

[4]Morris does not complain in this appeal about the judgment in which the trial court granted Mayers's traditional and no-evidence summary judgment motion.  Therefore, we do not address the merits of that summary judgment.

79 (Tex. 1979); *Plunkett v. Conn. Gen. Life Ins. Co.*, No. 11-13-00129-CV, 2015 WL 3484985, at \*4 (Tex. App.—Eastland May 29, 2015, pet. denied) (mem. op.). Thus, if a movant establishes an affirmative defense, then the burden of production shifts to the nonmovant. *Hofstetter v. Loya Ins. Co.*, No. 01-10-00104-CV, 2011 WL 1631938, at \*2 (Tex. App.—Houston [1st Dist.] Apr. 28, 2011, pet. denied) (mem. op.).

When the trial court's judgment does not specify the grounds upon which it relied for its ruling, the judgment must be affirmed if any of the theories advanced are meritorious. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989).

### III. *Analysis*

We will first address Morris's second and fourth issues, in which she claims that the trial court should have granted a default judgment in her favor because Terrazas failed to timely answer and should have denied summary judgment in Terrazas's and Myers's favor because she raised questions of material fact on their liability. We will then address her first and third issues, in which she asserts that the district clerk erred in the issuance of citations and service of process on Terrazas and Myers and that the trial court failed to give due consideration to her reasons for delayed service of process on Myers.

> A. *Issue Two: The trial court did not err when it refused to enter a default judgment in Morris's favor because Terrazas answered the lawsuit before Morris attempted to secure a default judgment.*

In her second issue, Morris asserts that the trial court erred when it granted Terrazas's motion for summary judgment and failed to grant a default judgment in her favor because Terrazas failed to file a timely answer. We disagree. The record indicates that Terrazas filed his answer on November 6, 2015. There is nothing in the record that indicates that Morris had the case called for trial. Although Terrazas

4

did not file an answer within the time set forth in the rules,[5] that is without consequence because a trial court cannot grant a no-answer default judgment when the defendant has an answer on file. *Davis v. Jefferies*, 764 S.W.2d 559, 560 (Tex. 1989) (per curiam); *TexPro Constr. Grp., LLC v. Davis*, No. 05-14-00050-CV, 2015 WL 4984856, at *2 (Tex. App.—Dallas Aug. 19, 2015, no pet.) (mem. op.); *see* TEX. R. CIV. P. 239.

      B. *Issue Four: Because Morris failed to timely file suit, the trial court did not err when it granted summary judgment in favor of Terrazas and Myers.*

In her fourth issue, Morris contends that she raised material issues of fact that precluded summary judgment on Terrazas's and Myers's liability. Morris referenced a separate lawsuit between her son, Jordan, and Myers and Terrazas where Myers and Terrazas were held liable for damages suffered by Jordan after he turned eighteen years old. However, the proceedings or findings in that case have no bearing on the trial court's decision to grant summary judgment in this case where Terrazas and Myers moved for summary judgment on limitations issues.

A claimant in a suit for negligence and property damage that arises from an automobile accident must file the lawsuit for those damages within two years from the date the cause of action accrued. TEX. CIV. PRAC. & REM. CODE ANN. § 6.003(a) (West 2017). In order to comply with the requirements of Section 16.003, a plaintiff must file suit within the applicable limitations period and must also exercise diligence in serving the defendant with service of process. *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990). The statute of limitations begins to run when the cause of action accrues. CIV. PRAC. & REM. § 16.003(a); *Burke v. Ins. Auto Auctions Corp.*, 169 S.W.3d 771, 776 (Tex. App.—Dallas 2005, pet. denied). In applying the

---

[5]Rule 99(b) of the Texas Rules of Civil Procedure provides that defendants must file an answer to the plaintiff's allegations no later than the Monday after the expiration of twenty days after the day the defendant is served with the citation and petition. TEX. R. CIV. P. 99(b).

statute of limitations, a cause of action generally will accrue when facts come into existence that give a claimant the right to seek remedy in the courts. *Robinson v. Weaver*, 550 S.W.2d 18, 19 (Tex. 1977). In personal injury actions, it is when "the wrongful act effects an injury, regardless of when the claimant learned of such injury." *Id.*; *see also Atkins v. Crosland*, 417 S.W.2d 150, 153 (Tex. 1967) (general rule for tort action is it accrues when tort is committed, notwithstanding fact that full range of damages are not ascertainable until a later date). The question of when a cause of action accrues is a question of law for the court. *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990).

"As a general rule, when the elements of duty, breach, and resulting injury or damage are present, a tort action accrues. Then, the statute of limitations begins to run." *Burke*, 169 S.W.3d at 776. "If the act complained of constitutes a legal injury to a plaintiff, the wrong is completed and the cause of action accrues from the time the act is committed, even where little, if any, actual damage occurs immediately on commission of the tort." *Id.* Morris's claim for damages accrued on October 21, 2011, when the accident occurred and the alleged negligence of Terrazas and Myers caused damage to her vehicle. *See Burke*, 169 S.W.3d at 776; *see also Riojas v. Phillips Props., Inc.*, 828 S.W.2d 18, 21 (Tex. App.—Corpus Christi 1991, writ denied). For the expenses that Morris claimed that she had to pay because of an injury to Jordan, that cause of action also accrued on October 21, 2011, when the legal injury occurred, even though the amount of damages was unknown at that time. *See Burke*, 169 S.W.3d at 776; *see also Riojas*, 828 S.W.2d at 21. Terrazas and Myers both established that Morris filed suit in justice court on November 4, 2013, fourteen days after the limitations period had expired. *See* CIV. PRAC. & REM. § 16.003(a). When that suit was dismissed because of a lack of jurisdiction, she

6

then, sixty days later,[6] filed suit in county court. Both Terrazas and Myers asserted in their separate motions for summary judgment that Morris's suit was barred because limitations had run. The record does not reflect that Morris pleaded, advanced, or adduced evidence to raise a question of material fact on any tolling provision of the two-year limitations period. Her claims are barred by limitations because she did not timely file suit. *See Burke*, 169 S.W.3d at 776–78.

C. *Issues One and Three: Myers established that, even if Morris had timely filed suit and filed suit within the period outlined in Section 16.064 of the Texas Civil Practice & Remedies Code, Morris failed as a matter of law to explain why she failed to timely serve Myers with service of process.*

In Issue One, Morris asserts that the court clerk failed to timely prepare and issue service to Terrazas and Myers. In her third issue, she asserts that the trial court erred when it failed to give due consideration to the clerk's inaction, as well as Morris's own attempts to complete service of process on Myers.

1. *Morris was responsible to ensure that service of process was timely completed.*

In her first issue, Morris claims that her indigent status absolved her of any responsibility to ensure that the clerk issued citation and that service of process was completed in a timely manner. She claims that those are duties of the officers of the court. Thus, Morris claimed that the district clerk was to blame for any delayed service on Terrazas and Myers. We disagree not only with Morris's recitation of the facts that are reflected in the record, but also with her characterization of the law.

Morris filed her justice court suit on November 4, 2013, and after it was dismissed for lack of jurisdiction, she filed the instant suit on April 11, 2014. However, she did not request that the district clerk issue citation until November 6,

---

[6]CIV. PRAC. & REM. § 16.064 (West 2015).

2014. "Upon the filing of the petition, the clerk, *when requested*, shall forthwith issue a citation and deliver the citation as directed by the requesting party. The party requesting citation shall be responsible for obtaining service of the citation and a copy of the petition." TEX. R. CIV. P. 99(a) (emphasis added). "It is the responsibility of the one requesting service, not the process server, to see that service is properly accomplished." *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 153 (Tex. 1994).

We note that the district clerk issued citation for Terrazas on November 10, 2014, four days after the request, and that Terrazas was served on November 17, 2014. The district clerk also issued the first citation for Myers on November 10, 2014, again four days after the request, and attempted to accomplish service of process by certified mail. But service on Myers could not be completed because Morris had provided an incorrect address for Myers. Morris provided the district clerk with a second incorrect address, and citation was reissued on February 6, 2015. However, service could not be completed because of the second incorrect address. Morris then requested a third citation, which the clerk issued on May 20, 2015, and the date of completed personal service of process by the Midland County Sheriff's Department was June 2, 2015.

"[A] party may ordinarily rely on the clerk to perform his duty within a reasonable amount of time." *Boyattia v. Hinojosa*, 18 S.W.3d 729, 734 (Tex. App.—Dallas 2000, pet. denied); *see also Harrell v. Alvarez*, 46 S.W.3d 483, 486 (Tex. App.—El Paso 2001, no pet.); *Allen v. Masterson*, 49 S.W.2d 855, 856 (Tex. Civ. App.—Galveston 1932, writ ref'd) (litigant may assume clerk will fulfill duty to issue citation and have it served promptly). "But when a party learns, or by the exercise of diligence should have learned, that the clerk has failed to fulfill his duty under rule 99, it is incumbent upon the party to ensure that the job is done." *Boyattia*, 18 S.W.3d at 734 (citing *Buie v. Couch*, 126 S.W.2d 565, 566 (Tex. Civ. App.—

Waco 1939, writ ref'd)). The plaintiff's duty "to exercise diligence continues until service of process is achieved."

>   *2. Morris failed to adduce evidence that raised a question of material fact that she diligently served Terrazas and Myers.*

Both Terrazas and Myers asserted that Morris failed to diligently serve them. Once a defendant demonstrates that service occurred after limitations expired, it is the plaintiff's burden to explain the delay. *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex. 1990). This shift in burden requires a plaintiff to present evidence of the efforts made to provide service and to explain lapses in effort or periods of delay. *Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007). When the plaintiff meets this burden, a defendant, seeking summary judgment on the grounds that a plaintiff failed to provide timely service of process, must show that, as a matter of law, diligence was not used when effectuating service. *Proulx*, 235 S.W.3d at 215.

When an appellate court assesses a plaintiff's diligence, the inquiry focuses on "whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served." *Id.* at 216. Generally, a question of diligence is one of fact. We look at the date of service, the time needed to secure a citation or service, as well as the plaintiff's effort or lack of effort. *Id.* However, in some circumstances, an opponent can establish a plaintiff's lack of due diligence as a matter of law. *See Gant*, 786 S.W.2d at 260 (holding that the plaintiff did not exercise due diligence when he failed to provide service for three periods that totaled thirty-eight months and offered no explanation for the delays); *Davis v. Roberts*, No. 01-10-00328-CV, 2011 WL 743198, at *3–4 (Tex. App.—Houston [1st Dist.] Mar. 3, 2011, no pet.) (mem. op.) (finding that a plaintiff did not exercise due diligence when he did not

9

provide service until a year after the statute of limitations and only attempted service twice with long periods of inactivity); *Watts v. Vargas*, No. 11-08-00055-CV, 2009 WL 960878, at *2 (Tex. App.—Eastland April 9, 2009, no pet.) (mem. op.) (holding that a plaintiff was not diligent when service was not given until twenty-seven months after the statute of limitations ran).

In *Boyattia*, the court held that a three-month delay was charged against the plaintiff and that diligence had not been shown in completing service of process. *Boyattia*, 18 S.W.3d at 733–34. In this case, Morris failed to explain the seven-month delay after she filed suit and the thirteen-month delay after limitations had expired before she made her first request for service of process. She likewise did not explain the additional delays to complete service upon Myers. As a matter of law, Morris's suit was untimely filed, and she was not diligent in her efforts to procure service on Terrazas and Myers. The plaintiff has the duty and ultimate responsibility "to ensure that service actually took place." *Tarrant Cty. v. Vandigriff*, 71 S.W.3d 921, 926 (Tex. App.—Fort Worth 2002, pet. denied); *see* TEX. R. CIV. P. 99(a). As we have previously noted, Morris is pro se, and although some latitude is afforded to pro se litigants, they are not exempt from the Texas Rules of Civil Procedure. *Lewis v. Ally Fin. Inc.*, No. 11-12-00290-CV, 2014 WL 6997668, at *2 (Tex. App.—Eastland Dec. 4, 2014, no pet.) (mem. op.) (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978)). Once Terrazas and Myers pleaded, moved, and adduced evidence on their limitations defense, Morris had to raise a question of material fact on whether she diligently completed service of process on Terrazas and Myers. As a matter of law, she failed to adduce evidence that raised such a fact question; therefore, both Terrazas and Myers were entitled to summary judgment in their favor.

## IV. *Conclusion*

After a review of the record, we hold as a matter of law that Morris failed to timely file suit before the limitations period expired. Furthermore, Morris neither pleaded a tolling defense nor adduced evidence that raised a question of material fact on whether she timely filed suit against Terrazas and Myers. Morris also failed to raise a material fact question as to whether she diligently served Terrazas and Myers with service of process. Because Morris failed to timely file suit and to serve process in a diligent manner, her suit is barred by the statute of limitations. *See* CIV. PRAC. & REM. § 16.003. Therefore, the trial court did not err when it granted summary judgment in favor of Terrazas and Myers. We overrule all four of Morris's issues on appeal.

## V. *This Court's Ruling*

We affirm the judgment of the trial court.


MIKE WILLSON

JUSTICE


June 8, 2017

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

11