**AFFIRM; and Opinion Filed April 18, 2023**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

No. 05-22-00076-CV
_____

**SEVEN THOUSAND EIGHT HUNDRED NINETY DOLLARS IN UNITED STATES CURRENCY, Appellant**
**V.**
**STATE OF TEXAS, Appellee**

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-00937**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Smith, and Breedlove
Opinion by Justice Smith

Joe Coffey, representing himself pro se, appeals the trial court's judgment in favor of the State in this civil-forfeiture action. We affirm the trial court's judgment.

## Background

The State filed a notice of seizure and intended forfeiture, alleging that $7,890 in currency seized from Coffey was contraband in that (1) it was used or intended to be used in the commission of a felony under Texas Health and Safety Code chapter 481, and (2) it was the proceeds gained from the felony of unlawful delivery of a controlled substance and money laundering. Coffey, represented by counsel, filed

an answer. The record reflects that the parties appeared for, and presented evidence during, a bench trial and, thereafter, the trial court signed a judgment of forfeiture. The trial court found that the currency was contraband and subject to forfeiture under Texas Code of Criminal Procedure chapter 59 and ordered it forfeited to the State. Coffey filed this appeal.

By letter dated March 29, 2022, we informed Coffey that we had received notice from the court reporter that he had neither requested the record nor paid for or made arrangements to pay for the record. We directed Coffey to provide the Court with written verification showing the reporter's record had been requested and that he had paid for or made arrangements to pay for the record or had been found entitled to proceed without payment of costs. We cautioned Coffey that failure to provide the required documentation might result in the appeal being submitted without the reporter's record. Coffey did not provide the Court with the required documentation. Accordingly, on May 6, 2022, we ordered this appeal submitted without a reporter's record.

After Coffey filed his brief, the Court informed him that the brief did not comply with the rules of appellate procedure. The Court's September 30, 2022 notice advised that the brief was deficient because, among other things, it did not contain a concise statement of the issues presented for review, a concise statement of the facts supported by record references, or a clear and concise argument for the contentions made with appropriate citations to authorities and the record. *See* TEX.

R. APP. P. 38.1(f), (g), (i). The Court directed Coffey to file an amended brief no later than October 10, 2022, and cautioned that failure to file an amended brief could result in his appeal being dismissed without further notice.

On October 6, 2022, Coffey filed a document purporting to be an amended brief. The document stated that Coffey did not have some of the things the Court requested in order to satisfy the requirements of rule 38.1. The document also included a copy of a prior order by the Court in this appeal; a copy of the trial court's judgment of forfeiture; several otherwise empty pages labeled, respectively, Table of Contents, Index of Authorities, Statement of the Case, Any Statement Regarding Oral Argument, Issues Presented, Statement of Facts, Summary of the Argument, and Argument; and an Automated Certificate of eService. On March 29, 2023, the Court submitted this appeal on Coffey's filings and a brief filed by the State of Texas.

**Analysis**

We liberally construe pro se pleadings and briefs, but we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *In re N.E.B.*, 251 S.W.3d 211, 211–12 (Tex. App.—Dallas 2008, no pet.) (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978)). To do otherwise would give a pro se litigant an unfair advantage over litigants represented by counsel. *Id.* at 212.

To present an issue to this Court, an appellant's brief must contain, among other things, a concise statement of the facts of the case supported by record references and a clear and concise argument for the contention made with appropriate citations to authorities and the record. Tex. R. App. P. 38.1(g), (i); *In re N.E.B.*, 251 S.W.3d at 212. "Bare assertions of error, without argument or authority, waive error." *In re N.E.B.*, 251 S.W.3d at 212. An appellant that fails to adequately brief a complaint waives the complaint on appeal. *Id.* Coffey's briefing in this appeal does not provide the Court with argument, analysis, or authorities that make his appellate complaint viable. By failing to adequately brief his complaint, he has waived our review of his complaint. *See, e.g., id.*

Even if we were to consider the merits of Coffey's appeal, we would find no reversible error because no reporter's record has been filed. As appellant, Coffey had the burden of bringing forward a sufficient record to show the trial court erred. *Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.). An appellate record generally consists of both the clerk's and reporter's record if the latter is necessary to the appeal. *See* Tex. R. App. P. 34.1.

From Coffey's original brief, we discern that he intends to appeal the sufficiency of the evidence to support the trial court's judgment.[1] Specifically, he asserts that there was no evidence or proof that the $7,890 in currency was

---

[1] In support of his appeal, Coffey incorporated some documents in the brief. We cannot consider the documents, however, because they are not formally included in the record on appeal. *See Burke v. Ins. Auto Auctions Corp.*, 169 S.W.3d 771, 775 (Tex. App.—Dallas 2005, pet. denied).

"contraband or forfeiture" and, instead, he inherited the currency from his mother's estate. An evaluation of Coffey's complaint will depend on the evidence presented at trial. Because there is no reporter's record to show otherwise, we must presume that the evidence presented at the bench trial supports the trial court's judgment. *See Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex. 1991) (per curiam); *Petterson v. JGMS Invs. LLC*, No. 05-15-01286-CV, 2016 WL 6124134, at *2 (Tex. App.—Dallas Oct. 20, 2016, no pet.) (mem. op.) ("Petterson cannot prevail on a challenge to the sufficiency of the evidence without first meeting her burden of presenting a sufficient record on appeal."); *$2,848.69 U.S. Currency v. State*, No. 13-13-00524-CV, 2015 WL 5576469, at *1–2 (Tex. App.—Corpus Christi-Edinburg June 25, 2015, no pet.) (mem. op.) ("It was appellant's burden to properly initiate the completion of a record sufficient to demonstrate reversible error. . . . Because appellant has failed to request a transcript of the hearing and has raised points of error on appeal involving matters omitted from the record before us, his actions have prevented us from adequately addressing his dispute.") (citation omitted).

Accordingly, we must affirm the trial court's judgment.


/Craig Smith/
CRAIG SMITH
JUSTICE

220076F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SEVEN THOUSAND EIGHT
HUNDRED NINETY DOLLARS IN
UNITED STATES CURRENCY,
Appellant

No. 05-22-00076-CV     V.

STATE OF TEXAS, Appellee

On Appeal from the 193rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-21-00937.
Opinion delivered by Justice Smith.
Justices Partida-Kipness and
Breedlove participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee STATE OF TEXAS recover its costs of this appeal from appellant JOE COFFEY.

Judgment entered this 18th day of April 2023.