# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00698-CV

**Joan H. Hughes, Appellant**

v.

**Armadillo Properties for Lina Roberts, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 1 OF BELL COUNTY
## NO. 82,888, HONORABLE JEANNE PARKER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Joan H. Hughes appeals pro se from the county court's final judgment in forcible entry and detainer, which orders her to vacate residential property that she was leasing from Lina Roberts. For the following reasons, we affirm the county court's judgment.

## BACKGROUND

The term of the written residential lease between Hughes and Roberts was from May 1, 2014, to October 31, 2014, with an automatic renewal on a month-to-month basis after October 31, 2014. On July 27, 2015, appellee Armadillo Properties, the property manager for Lina Roberts, hand delivered written notice to Hughes of Roberts's intent not to renew the lease,

notifying Hughes that the lease would end on August 31, 2015, and requesting that Hughes vacate the property on or before that date.[1] Hughes failed to do so.

In September 2015, Armadillo Properties filed an eviction case in justice court, seeking possession of the leased property and contending that Hughes was unlawfully holding over on the leased property after August 31, 2015. *See* Tex. R. Civ. P. 510 (addressing eviction cases); *see also* Tex. Prop. Code § 24.011 (authorizing parties to be represented by nonlawyer agent in "eviction suits in justice court for nonpayment of rent or holding over beyond a rental term"). Following a trial, the justice court entered an eviction judgment in favor of Armadillo Properties, ordering Hughes to vacate the property. Hughes appealed the judgment to county court. After a trial de novo, the county court entered a final judgment in forcible entry and detainer in favor of Armadillo Properties, ordering Hughes to vacate the property. *See* Tex. R. Civ. P. 510.10. This appeal followed.

---

[1] By July 2015, the term of the lease was on a month-to-month basis. In that situation, the written lease between the parties provided the following time period for either party to provide notice of termination:

> If this lease automatically renews on a month-to-month basis, it will continue to renew on a month-to-month basis until either party provides written notice of termination to the other party and the notice of termination will be effective: . . . (1) on the last day of the month following the month in which the notice is given.

The notice provided in July by Armadillo Properties, the property manager for Roberts, then complied with this provision for an effective date of termination at the end of August.

**ANALYSIS**

Although Hughes filed an affidavit of indigence, she has failed to request the reporter's record. *See* Tex. R. App. P. 37.3(c) (addressing when no reporter's record filed due to appellant's fault). The reporter's record was due in December 2015, and this Court, by letter dated April 26, 2016, notified Hughes that the reporter's record was overdue and provided her with the opportunity to make arrangements for the record. *See id.* (requiring court to give appellant notice and "reasonable opportunity to cure"). Thus, we consider this appeal without the reporter's record. *See id.* (authorizing court, when no reporter's record has been filed because appellant failed to request record, to "consider and decide those issues or points that do not require a reporter's record for a decision" after providing appellant with notice and opportunity to cure). We are also mindful that the only issue in an eviction action is the right to actual possession of the premises. *See* Tex. R. Civ. P. 510.3(e); *Wilhelm v. Federal Nat'l Mortg. Ass'n*, 349 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

"A pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure." *Amir-Sharif v. Mason*, 243 S.W.3d 854, 856 (Tex. App.—Dallas 2008, no pet.) (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Strange v. Continental Cas. Co.*, 126 S.W.3d 676, 677 (Tex. App.—Dallas 2004, pet. denied)). "[P]ro se appellants are held to the same standard as parties represented by counsel to avoid giving unrepresented parties an advantage over represented parties." *Stewart v. Texas Health & Human Servs. Comm'n*, No. 03-09-00226-CV, 2010 Tex. App. LEXIS 9787, at *2 n.1 (Tex. App.—Austin Dec. 9, 2010, no pet.) (mem. op.). Thus, Hughes was required to comply with the

3

applicable rules of procedure, including the requirements that an appellant's brief "state concisely all issues or points presented for review" and "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(f), (i).

Hughes's appellate briefs are in the form of letters to this Court with attachments. To the extent the documents attached to her letters are not in the record, we may not consider them on appeal. *See* Tex. R. App. P. 34.1 (describing contents of appellate record); *Save Our Springs All., Inc. v. City of Dripping Springs*, 304 S.W.3d 871, 892 (Tex. App.—Austin 2010, pet. denied) ("We are limited to the appellate record provided."); *Burke v. Insurance Auto Auctions Corp.*, 169 S.W.3d 771, 775 (Tex. App.—Dallas 2005, pet. denied) (noting that documents that are cited in brief and attached as appendices generally may not be considered by appellate courts if they are not formally included in record on appeal). Further, the letters do not comply with the applicable rules of procedure: Hughes complains about the actions and attitude of the trial judge toward her, the condition of the leased property, and charges to her such as her utility bill, but she fails to identify any specific alleged reversible error by the county court or generally to provide substantive arguments or citations to authorities or the record. *See* Tex. R. App. P. 38.1(f), (i).

Thus, holding Hughes to the same standard as parties represented by counsel, we conclude that she has waived any issues that she may have by inadequate briefing. *See id.*; *Davis v. American Express Bank*, No. 03-12-00564-CV, 2014 Tex. App. LEXIS 9662, at *7 (Tex. App.—Austin Aug. 29, 2014, no pet.) (mem. op.) ("Appellate issues must be supported by argument and authority, and if they are not so supported, they are waived." (citing *Trenholm*

*v. Ratcliff*, 646 S.W.2d 927, 934 (Tex. 1983)); *Lee v. Kaufman*, No. 03-10-00148-CV, 2011 Tex. App. LEXIS 6969, at *9–10 (Tex. App.—Austin Aug. 26, 2011, no pet.) (mem. op.) (finding points of error waived that were not supported "with arguments, legal authority, or citations to the record"). Nonetheless, we will attempt to address her arguments as best as we can. *See Stewart*, 2010 Tex. App. LEXIS 9787, at *2 n.1 (addressing pro se appellant's "complaints as best we can").

Hughes appears to argue that this case is one of retaliation by Armadillo Properties under section 92.331 of the Property Code and that she accordingly was entitled to possession of the leased property. *See* Tex. Prop. Code § 92.331 (addressing retaliation by landlord); *College Station Terrace Pines Apts. v. Laird*, Nos. 07-14-00137-CV & 07-14-00147-CV, 2016 Tex. App. LEXIS 1340, at *11–13 (Tex. App.—Amarillo Feb. 9, 2016, no pet.) (mem. op.) (discussing allegations of wrongful eviction and retaliation by landlord). Without a reporter's record, however, we are unable to determine what evidence, if any, was presented to the county court that would support a finding of retaliation. *See* Tex. R. App. P. 37.3(c) (limiting issues or points on appeal to those that do not require reporter's record when no reporter's record is filed due to appellant's fault); *Laird*, 2016 Tex. App. LEXIS 1340, at *11–13 (discussing evidence supporting retaliation finding); *see also In re Spiegel*, 6 S.W.3d 643, 646 (Tex. App.—Amarillo 1999, no pet.) ("Without a reporter's record we do not know what, if any, evidence was presented to the trial court."). Thus, we cannot conclude that Hughes presented evidence that proved retaliation or that the county court erred in awarding possession of the leased property to Armadillo Properties. *See Bennett v. Cochran*, 96 S.W.3d 227, 230 (Tex. 2002) ("The court of appeals was correct in holding

5

that, absent a complete record on appeal, it must presume the omitted items supported the trial court's judgment."); *Hebisen v. Clear Creek Indep. Sch. Dist.*, 217 S.W.3d 527, 536 (Tex. App.—Houston [14th Dist.] 2006, no pet.) ("Where there is no reporter's record and no findings of fact, we assume the trial court heard sufficient evidence to make all necessary findings in support of its judgment.").

## CONCLUSION

For these reasons, we affirm the county court's judgment.[2]

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Bourland

Affirmed

Filed:   September 20, 2016

---

[2] In its briefing, Armadillo Properties asks this Court to award it damages pursuant to Texas Rule of Appellate Procedure 45. *See* Tex. R. App. P. 45 (authorizing award of "just damages" if appellate court determines that appeal is frivolous). We decline to do so. *See Baker Hughes Oilfield Operations, Inc. v. Hennig Prod. Co.*, 164 S.W.3d 438, 448 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (noting that granting sanctions is discretionary if appellate court determines appeal is frivolous).