# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00030-CV

**Paul E. Copeland Jr., Appellant**

**v.**

**Federal National Mortgage Association, a/k/a Fannie Mae, Appellee**

### FROM THE COUNTY COURT AT LAW OF BASTROP COUNTY
### NO. 15-17155, HONORABLE BENTON ESKEW, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Paul E. Copeland Jr. appeals pro se from the county court's final judgment finding him guilty of forcible detainer and awarding possession of the property to appellee Federal National Mortgage Association, a/k/a Fannie Mae. We affirm the county court's judgment.

## BACKGROUND

Copeland signed a deed of trust on the property at issue in 2002 that secured a promissory note. The deed of trust provides in pertinent part:

> If the property is sold pursuant to this Section 22, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

Section 22 addresses the lender's acceleration and remedies in the event that Copeland breaches a covenant or agreement in the deed of trust, and the lender's remedies include foreclosing on the property.

After Copeland allegedly breached terms of the deed of trust, the property was sold at a non-judicial foreclosure sale in January 2015, and Fannie Mae was the purchaser of the property at the sale. Fannie Mae provided notice in March 2015 to Copeland and other occupants that it had acquired title to the property at the sale and demanded that they vacate the property, but Copeland refused to do so. Fannie Mae then filed an eviction case in justice court against Copeland and all other occupants in April 2015. *See* Tex. R. Civ. P. 510 (addressing eviction cases); *see also* Tex. Prop. Code § 24.002 (describing forcible detainer). Following a trial, the justice court found Copeland and all other occupants of the property guilty of forcible detainer and entered judgment in favor of and awarded possession of the property to Fannie Mae. Copeland appealed the judgment to county court. After a trial de novo, the county court entered a final judgment in favor of and awarding possession of the property to Fannie Mae. *See* Tex. R. Civ. P. 510.10. This appeal followed.

## ANALYSIS

In a single issue on appeal, Copeland argues that the property was wrongfully foreclosed and asks this Court to abate this appeal until a separate suit for wrongful foreclosure and breach of contract is determined. Among its arguments in response, Fannie Mae argues that Copeland has waived all his points of error because his briefing fails to comply with Texas Rule of Appellate Procedure 38. *See* Tex. R. App. P. 38.1 (addressing requirements for appellant's brief).

2

Fannie Mae points out that Copeland's brief does not cite the clerk's record or evidence presented at trial.

"A pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure." *Amir-Sharif v. Mason*, 243 S.W.3d 854, 856 (Tex. App.—Dallas 2008, no pet.) (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Strange v. Continental Cas. Co.*, 126 S.W.3d 676, 677 (Tex. App.—Dallas 2004, pet. denied)). "[P]ro se appellants are held to the same standard as parties represented by counsel to avoid giving unrepresented parties an advantage over represented parties." *Stewart v. Texas Health & Human Servs. Comm'n*, No. 03-09-00226-CV, 2010 Tex. App. LEXIS 9787, at *2 n.1 (Tex. App.—Austin Dec. 9, 2010, no pet.) (mem. op.). Thus, Copeland was required to comply with the applicable rules of procedure, including the requirement that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." *See* Tex. R. App. P. 38.1(i).

Copeland's brief, however, fails to provide citations to the record. *See id.* His brief also includes attachments that are not part of the appellate record and, thus, we may not consider those documents on appeal. *See* Tex. R. App. P. 34.1 (describing contents of appellate record); *Save Our Springs All., Inc. v. City of Dripping Springs*, 304 S.W.3d 871, 892 (Tex. App.—Austin 2010, pet. denied) ("We are limited to the appellate record provided."); *Burke v. Insurance Auto Auctions Corp.*, 169 S.W.3d 771, 775 (Tex. App.—Dallas 2005, pet. denied) (noting that documents that are cited in brief and attached as appendices generally may not be considered by appellate courts if they are not formally included in record on appeal). Holding Copeland to the same standard as parties

represented by counsel, we conclude that he failed to comply with Rule 38.1 and has waived his issue by inadequate briefing. *See* Tex. R. App. P. 38.1; *Stewart*, 2010 Tex. App. LEXIS 9787, at *2 n.1; *see also Davis v. American Express Bank*, No. 03-12-00564-CV, 2014 Tex. App. LEXIS 9662, at *7 (Tex. App.—Austin Aug. 29, 2014, no pet.) (mem. op.) ("Appellate issues must be supported by argument and authority, and if they are not so supported, they are waived." (citing *Trenholm v. Ratcliff*, 646 S.W.2d 927, 934 (Tex. 1983))).

Further, even if we were to conclude that his issue was not waived, we would conclude that it was without merit. As stated above, his issue challenges the foreclosure of the property and requests this Court to abate this appeal pending resolution of a separate suit in district court addressing his claims of wrongful foreclosure. But "[t]he only issue in an action for forcible detainer is the right to actual possession of the premises, and the merits of title shall not be adjudicated." *Wilhelm v. Federal Nat'l Mortg. Ass'n*, 349 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (citing *Marshall v. Housing Auth. of City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006)); *see* Tex. R. Civ. P. 510.3(e) ("The court must adjudicate the right to actual possession and not title."). "To prevail in a forcible detainer action, a plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession." *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.). Relevant to this appeal, a landlord of property is entitled to judgment in a forcible detainer action for possession and a writ of possession when the evidence establishes that a tenant by sufferance refuses to surrender possession of the property after receiving written demand for possession in accordance with the Texas Property Code. *See* Tex. Prop. Code §§ 24.002(a)(2),

4

.005 (describing required notice to vacate prior to filing eviction suit), .0061(a) (stating that landlord who prevails in eviction suit is entitled to judgment for possession and writ of possession).

Fannie Mae's evidence established that (1) it owned the property, (2) Copeland was a tenant by sufferance pursuant to the terms of the deed of trust, (3) Fannie Mae made written demand for possession of the property in accordance with the Texas Property Code, and (4) Copeland refused to surrender possession after receiving the notice. *See id*. §§ 24.002, .005. Fannie Mae presented evidence that it purchased the property at the non-judicial foreclosure sale and that the deed of trust contained a provision creating a tenancy at sufferance in the event that the property was sold at a foreclosure sale. Copeland also does not dispute that he received Fannie Mae's written demand that he vacate the property. This evidence provided a basis for the county court to determine that Fannie Mae had the right to immediate possession without resolving whether it had wrongfully foreclosed on the property. *See Villalon v. Bank One*, 176 S.W.3d 66, 71 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) ("The landlord-tenant relationship established in the deed of trust provided a basis for the county court to determine that Bank One had the right to immediate possession without resolving whether Bank One wrongfully foreclosed on the property, an issue relating directly to who has title to the property."). Thus, we deny appellant's request to abate this appeal pending resolution of his wrongful foreclosure allegations in a separate suit.

**CONCLUSION**

For these reasons, we overrule Copeland's issue and affirm the county court's judgment.

5

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Bourland

Affirmed

Filed:   October 28, 2016