**AFFIRMED and Opinion Filed August 4, 2022**



**In the**

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-20-01088-CV**
_____

**VIVIAN O. TAYLOR, Appellant**

**V.**

**CHARLES E. TAYLOR, Appellee**

**On Appeal from the 330th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-19-21619**

# MEMORANDUM OPINION

Before Justices Myers, Carlyle, and Goldstein
Opinion by Justice Carlyle

Appellant Vivian Taylor challenges the trial court's judgment granting a divorce to appellee and petitioner below Charles Taylor. Both parties appeared pro se below and before this court, and only appellant has filed a brief in this court.[1] We affirm. TEX. R. APP. P. 47.4.

Appellant first filed a brief on September 20, 2021, pursuant to this court's order, granting a third extension for doing so. On September 24, 2021, the Clerk of

---

[1] When an appellee fails to file an appellate brief, we review the merits of appellant's issues to determine whether reversal is appropriate. An appellee's failure to file a brief does not entitle appellant to automatic reversal. *See Yeater v. H-Town Towing LLC*, 605 S.W.3d 729, 731 (Tex. App.—Houston [1st Dist.] 2020, no pet.).

the Court sent appellant a letter, informing appellant that the brief failed to comply with the Texas Rules of Appellate Procedure in several specific respects, including failing to appropriately cite either the record or authorities. *See* TEX. R. APP. P. 38.1(i). Appellant filed a corrected brief, but added little in the way of record citation or reference to applicable legal authorities. We then ordered the case submitted without oral argument.

Texas law recognizes the right for civil litigants to proceed on their own behalf in court, pro se. *Bolling v. Farmers Branch ISD*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). That said, we hold pro se litigants to the same standards for pleading, briefing, and procedure as we do lawyers. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.). This includes following the appellate rules for briefing appeals to this court, and though we do not require rigid adherence regarding the form of a brief, we examine briefs closely for compliance with rules governing briefs' contents. *Hammonds v. Dallas Cty.*, No. 05-18-01433-CV, 2020 WL 948383, at *2 (Tex. App.—Dallas Feb. 27, 2020, no pet.) (mem. op.). To do otherwise would give pro se litigants an unfair advantage over litigants represented by counsel. We liberally construe pro se pleadings and briefs. *Washington*, 362 S.W.3d at 854.

Appellant first claims she did not receive "proper notice regarding hearings" or access to "virtual hearings and documents timely." The appellate record consists

of one Reporter's Record volume of the final trial hearing, at which both parties were present; a Clerk's Record; and a Supplemental Clerk's Record. This court informed appellant, in its September 14, 2021 order granting her third motion for extension of time to file the brief, that she could move to supplement the reporter's record with transcripts for additional hearings—something she claimed to have been trying to do in each of her motions for extension of time to file the opening brief. Appellant did not move to supplement the record with transcripts, nor has she provided any indication that a court reporter was present to transcribe a hearing other than the final trial. *See generally* TEX. R. APP. P. 34.6. The record includes the court's May 3, 2021 order directing the 330th Judicial District Court's Official Court Reporter "to file the reporter's record." The reporter subsequently filed the single volume reporter's record with a standard certification.[2]

Further, appellant's factual statement and argument as to this issue rely almost entirely on documents she has attached to her brief that are not otherwise in the appellate record, and we may not consider them. *Burke v. Insurance Auto Auctions Corp.*, 169 S.W.3d 771, 775 (Tex. App.—Dallas 2005, pet. denied). Also, Appellant

---

[2] When filing the record, the court reporter certified as follows:

> I, Francheska Duffey, Official Court Reporter in and for the 330th District Court of Dallas County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and -numbered cause, all of which occurred in open court or in chambers and were reported by me. I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

has provided no record support for the allegations regarding electronic access. And as noted, appellant's corrected brief includes reference to scant relevant legal authorities. *See* TEX. R. APP. P. 38.1(i) (appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"). The brief still fails to meet even the basic requirements for citing relevant legal authority. For these reasons, we conclude appellant presents nothing for our review by the first issue. *See Burke*, 169 S.W.3d at 775; *Hammonds*, 2020 WL 948383, at *2.

We consider appellant's issue in the interests of justice. The appellate record does not support appellant's allegations that she was not present for two of the eight hearings in this case, nor does it support her allegation that she was not given reasonable notice to hearings or access to virtual proceedings.[3] Appellant fails to explain why, assuming she was only present or got notice for two of eight pretrial hearings, this prejudiced her or how it affected the trial court's decision to grant the divorce and split the community property the way it did. *See* TEX. R. APP. P. 44.1 ("No judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of: (1) probably caused the rendition of an improper judgment; or (2) probably prevented the appellant from properly presenting the case to the court of appeals.").

---

[3] Again, to the extent any of the documents appellant attached to her brief that are not otherwise in the record support these allegations, we may not consider them. *See Burke*, 169 S.W.3d at 775.

The appellate record in this case demonstrates that both appellant and appellee appeared pro se virtually before the court for final bench trial pursuant to the COVID-19 orders in effect at the time of trial. At trial, the court first questioned appellee, the petitioner in this divorce, going through the basic predicate questions that would support a divorce under Texas law. The court then asked appellant if her answers to these basic questions would be different, and she said they would. The court inquired further, asking appellant how and giving appellant ample leeway to answer. The court did not stop appellant from answering the questions, and indeed, the court's follow-up questions demonstrate the court engaged appellant appropriately. We overrule appellant's first issue.

We come to a similar conclusion as to appellant's fourth issue: "Did the Court's office express continued bias and assistance for Appellee?" Appellant's statement of facts and argument as to this issue rely on documents attached to her brief that are not in the appellate record, which we may not consider. *See Burke*, 169 S.W.3d at 775. Nothing in the appellate record supports the assertion that the court's office expressed bias, and nothing in the record supports reversal. *See* TEX. R. APP. P. 44.1. We overrule appellant's fourth issue.

Finally, we consider appellant's second and third issues, challenging the sufficiency of the evidence to support the judgment granting divorce and dividing community property. Appellant has provided no briefing or argument as to why the

court should not have granted the divorce, and thus this portion of the second issue presents nothing for this court's review. *See Hammonds*, 2020 WL 948383, at *2.[4]

Regarding the community property division, appellant claims there is no evidence to support the trial court's decision, but gives no further argument, and this issue too presents nothing for our review. *See Hammonds*, 2020 WL 948383, at *2.

In the interests of justice, we review these issues as well. The court awarded appellee a Chevy Silverado and appellant a Nissan Armada. The court also awarded appellee his pest control business, which he stated without contradiction that he owned "way before" the marriage. The division was otherwise identical, though the court awarded appellant her wedding bands, an HP computer, a French room divider, a washer and dryer, and embroidery software and designs on appellee's computer. The court awarded appellee $600 in debt additional to what it required of appellant. Neither party requested findings of fact or conclusions of law. *See* TEX. FAM. CODE § 6.711.

On the record before this court, and indulging every reasonable presumption in favor of the trial court's proper exercise of discretion in dividing marital property as we must, we can discern no clear abuse of discretion in this division or that any error materially affected the just and right division of the community estate. *See Mandell v. Mandell*, 310 S.W.3d 531, 538 (Tex. App.—Ft. Worth 2010, pet. denied)

---

[4] In any event, the record amply supports granting the divorce on the ground of insupportability. *See* TEX. FAM. CODE § 6.001.

–6–

(reciting the appellate standard for community property division); TEX. FAM. CODE § 7.001 ("General Rule of Property Division").

To the extent appellant complains the trial court erred by asking appellant leading questions during the final hearing, the only hearing transcribed in our record, we find no error. As an initial matter, appellant lodged no objection to the trial court questioning appellee and thus has preserved no error for our review. *See* TEX. R. APP. P. 33.1. In any event, a trial court has broad discretion over the conduct of a trial and may properly intervene to maintain control in the courtroom, to expedite the trial, and to prevent what it considers to be a waste of time. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 240 (Tex. 2001) (per curiam). And in a bench trial, a judge may question witnesses to clarify facts on issues the judge must decide in fulfilling her role as factfinder. *See Sklar v. Sklar*, 598 S.W.3d 810, 824–25 (Tex. App.—Houston [14th Dist.] 2020, no pet.). The court asked leading and non-leading questions of both parties, and none of the questioning in this record constituted an abuse of discretion. *See id.*

We affirm the trial court's judgment.[5]


/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

201088F.P05

---

[5] To the extent appellant complains in her brief that appellee failed to follow the trial court's orders regarding returning her property and allowing her access to it, those complaints present nothing for our review because they are properly addressed to the trial court, not this court.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

VIVIAN O. TAYLOR, Appellant

No. 05-20-01088-CV       V.

CHARLES E. TAYLOR, Appellee

On Appeal from the 330th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DF-19-21619.
Opinion delivered by Justice Carlyle.
Justices Myers and Goldstein participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered August 4, 2022